LARRY J. LINES *v.* CAROLE JOAN BROWNING.

[No. 1-273A40. Filed May 14, 1973.]

*James R. White, R. Clark Allen,* of New Castle, for appellant.
*Lawrence D. Renfro, Renfro & Whitton,* of New Castle, for appellee.

## ON APPELLEE'S MOTION TO DISMISS OR AFFIRM

PER CURIAM—This cause is pending before the Court on the Appellee's Motion to Dismiss Appeal or Affirm Judgment which alleges that the Motion to Correct Errors was not filed within 60 days after entry of judgment as required by rule TR. 59 (C).

The record reveals that judgment was entered in this cause on August 21, 1972, adjudging that the defendant-appellant was the father of plaintiff's child and ordering support.

On November 15, 1972, more than 60 days after judgment, defendant filed his Petition Requesting Court Order for Permission to File Motion to Correct Errors After 60 Days from Date of Judgment. Thereafter on November 30, 1972, the Court granted defendant's said Petition, permitted the belated Motion to Correct Errors to be filed, and overruled the Motion to Correct Errors. This appeal followed.

Rule TR. 59 (C) reads as follows:

"(C) When Motion to Correct Errors must be filed.
A Motion to Correct Errors shall be filed not later than sixty (60) days after the entry of judgment."

The language of the rule, employing the word "shall" is mandatory. Therefore we must assume the Supreme Court intended that the Motion to Correct Errors could not be filed after the expiration of 60 days after the entry of judgment.

Under our former procedure, the time for filing the motion for new trial was governed by statute. There were numerous cases holding that the motion for new trial must be filed within the statutory period, a motion filed after the thirty day period is ineffective, cannot be considered, will be stricken or overruled, and the rights of the parties are the same as though the motion had never been filed. 22 I. L. E. New Trial, § 114, p. 86, and cases cited. *Lloyd's Motor Sales etc.* v. *Ohning,* etc. (1961), 133 Ind. App. 228, 177 N.E.2d 922.

We think the former cases are still applicable to the mandatory language of rule TR. 59 (C) so that a Motion to Correct Errors filed more than 60 days after entry of judgment presents no question to the trial court and preserves no question for appeal.

In the case of *Brunner* v. *Terman* (1971), 150 Ind. App. 139, 275 N.E.2d 553, one of the parties filed his Motion to Correct Errors on the sixty-first day after entry of judgment. The court stated:

"It was incumbent upon appellee Terman to file his motion to correct errors within sixty days thereafter and a failure to do so waived the right to file them and barred his right to appeal his cause of action. He had filed his motion to correct errors on the sixty-first day.

"This late filing being jurisdictional, this court has no authority to consider any errors attempted to be raised in the untimely motion to correct errors."

There are provisions in the post conviction remedy rules for filing a belated motion to correct errors in criminal cases. However, there are no such provisions in the rules of procedure in civil cases. This cause was a proceeding to establish paternity and hence is a civil action and governed by the rules of civil procedure. *In re Atterbury* (1973), 155 Ind. App. 566, 293 N.E.2d 522.

The Appellee's Motion to Dismiss is sustained, and this cause is dismissed.

NOTE.—Reported at 295 N.E.2d 853.