MARGARET ELLEN MURRAY *v.* HARRY WILLIAM MURRAY.

[No. 2-1273A276.  Filed April 25, 1974.]

*Raymond Guntz,* of Indianapolis, for appellant.

*R. Ronald Calkins,* of Indianapolis, for appellee.

PER CURIAM—This cause is pending before the Court on the appellee's Motion to Dismiss or Affirm which alleges, *inter alia,* that appellant failed to file a motion to correct errors directed to the judgment she now seeks to appeal.

The record reveals that this was an action to modify the custody and support provisions of a previous decree of divorce. On June 29, 1973, the appellee-husband filed his Petition for Modification of a decree of divorce which had awarded the custody of the minor children of the parties to the wife. It appears that prior to June 29 the parties had made an informal agreement to change the custody of the children from appellant-wife to appellee-husband, and pursuant to that agreement the children had been in the husband's custody since September of 1972 up to and including the time he filed his Petition for Modification. On June 29, 1973, the trial court issued its Order, ordering that the physical custody and care of the minor children was awarded to the husband until the further order of the court, and ordered a hearing on husband's Petition for Modification to be held on August 21, 1973. Thereafter, on August 21, 1973, wife filed a motion to correct errors directed to the Order of June 29.

The matter came on for hearing on September 26, 1973, at which time the trial court denied the motion to correct errors, heard the evidence on the Petition for Modification, and granted the Petition for Modification. The judgment of modification was entered the next day, September 27, 1973. The judgment of modification modified the original judgment

of divorce, provided that husband was granted legal custody of the two children, subject to the continuing jurisdiction and further order of the court, provided for visitation with the children by the wife, and abated the provision in the original decree for payment by husband of support for the children. The wife did not file a motion to correct errors addressed to this judgment. On October 24 she filed a praecipe, and on December 21, 1973, the record of the proceedings was filed with the Clerk of this Court.

The motion to correct errors addressed to the interlocutory order of June 29, 1973, raises no question for appeal. Rule TR. 59(C) requires the motion to correct errors to be filed not later than 60 days *after judgment*. TR. 59(G) recognizes that a motion to correct errors is a condition to an appeal from a final judgment. It is evident that wife is not attempting an interlocutory appeal from the Order of June 29. First, because she filed a motion to correct errors addressed to that Order, and Rule TR. 59(G) provides a motion to correct errors is not required in appeals from interlocutory orders. Second, because her appeal was not perfected within thirty days from June 29, which is necessary in interlocutory appeals except where a statute provides for a shorter period. Third, because her brief was not filed within ten days after the record was filed.

The wife apparently construes the Order of June 29 as a final judgment from which an appeal will lie. In our view, the Order of June 29 was merely a preliminary order entered to preserve the status quo of the custody of the minor children of the parties until such time as the court could hear the evidence on the Petition for Modification and enter judgment either denying the petition to modify or granting the petition and modifying the prior judgment. Therefore, the motion to correct errors addressed to the Order of June 29 is ineffective for any purpose. As earlier noted, no motion to correct errors was filed after the entry of judgment on September 27.

The failure to timely file a motion to correct errors results

in no jurisdiction in the reviewing court, and the appeal must be dismissed. *Lines* v. *Browning* (1973), 156 Ind. App. 185, 295 N.E.2d 853; *Brunner* v. *Terman* (1971), 150 Ind. App. 139, 275 N.E.2d 553; *Lows* v. *Warfield* (1970), Ind. App., 259 N.E.2d 107; *Ind. St. Personnel Board* v. *Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448; *Bradburn* v. *Co. Dept. Public Welfare* (1971), 148 Ind. App. 387, 266 N.E.2d 805; *Middlekamp* v. *State Exchange Finance Co.* (1973), 155 Ind. App. 45, 290 N.E.2d 780.

The appellee's Motion to Dismiss is sustained and this cause is dismissed.

NOTE.—Reported at 309 N.E.2d 831.