310 N.E.2d 569 (1974)
Elvin Eugene HENDRIXSON, Defendant-Appellant,
v.
STATE of Indiana, Plaintiff-Appellee.
No. 2-873A177.
Court of Appeals of Indiana, Third District.
May 9, 1974.
Harriette Bailey Conn, Public Defender, for defendant-appellant.
Theo. L. Sendak, Atty. Gen., John H. Meyers, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.
GARRARD, Judge.
This is an appeal from the trial court's denial of appellant's (Hendrixson) Petition for Permission to File Belated Supplemental Motion to Correct Errors.
The sequence of events, as it occurred, is necessary to an understanding of the sole issue raised by the appeal. On April 26, 1967, Hendrixson was sentenced to the Indiana State Prison for an indeterminate period of not less than two nor more than five years. On February 6, 1970, he escaped and in May was recaptured. He was then charged with escape. On October 9, 1970, he entered a plea of guilty to this charge, and was subsequently sentenced for a determinate period of one year.
Thus matters remained until June 28, 1971, when Hendrixson, through the public defender, filed a petition for post-conviction relief pursuant to Indiana Rules of Procedure, Post-Conviction Remedies, Rule *570 1. Next, in January 1972, a motion for leave to amend the PCR 1 petition was filed. This motion was granted, and on March 28, 1972, hearing was had on the original and amended (supplemental?) petition.[1] Post-conviction relief was denied July 21, 1972.
On August 9, 1972, a motion to correct errors was filed addressed to the denial of PCR 1 relief. Then on October 9, 1972, the petition for permission to additionally file the "Belated Supplemental Motion to Correct Errors" addressed to the denial of PCR 1 relief was filed.
Accordingly, the issue before us is the propriety of a belated assertion of error to a decision denying post-conviction relief pursuant to PCR 1. The issue is not the propriety of a belated motion to correct errors attacking the conviction of defendant.[2]
Section 6 of Rule PCR 1 provides that the court's decision on the PCR 1 petition is a final judgment. Section 7 then provides:
"An appeal may be taken ... from the final judgment in this proceeding, under the rules applicable to civil actions." (our emphasis)
Furthermore, our Supreme Court has already held that a PCR 1 post-conviction proceeding "is in the nature of a civil action." Hoskins v. State (1973), Ind., 302 N.E.2d 499, 501.
Thus, it is Trial Rule 59(G) of the Indiana Rules of Civil Procedure that mandates a motion to correct errors as a condition precedent to appeal. That same rule requires that the motion be filed within sixty (60) days after the entry of judgment. Rule TR 59(C).
In Ver Hulst v. Hoffman (1972), Ind. App., 286 N.E.2d 214, this court held that under our rules of civil procedure, an appellant's motion attempting to supplement his original motion to correct errors by adding a new assignment was a nullity when it was filed more than sixty days after the entry of judgment. Writing for a unanimous Third District, Judge Sharp stated:
"A motion to correct errors may not be added to or amended after the running of the sixty day period specified in Trial Rule 59(C)." 286 N.E.2d 214, 218.
See, also, Lines v. Browning (1973), Ind. App., 295 N.E.2d 853, holding applicable the position of our courts under the prior rules to the effect that the sixty (60) day period is mandatory and therefore jurisdictional in proceedings governed by the rules of civil procedure.
Furthermore, it would appear that the requirement of PCR 1, section 7, that an appeal, including the prerequisite motion to correct errors, be prosecuted under the rules applicable to civil actions is fully warranted by the competing considerations present in post-conviction remedies. As Justice Hunter stated, writing for a unanimous court in Langley; Richardson v. State (1971), 256 Ind. 199, 203, 267 N.E.2d 538, 540:
"Due to the nature of and the manner in which the issues are here raised for our consideration in these two appeals we feel compelled to briefly outline the office or function our post conviction remedy rules were designed to play in Indiana's scheme of criminal appellate practice. As will be seen, serious question may be raised as to the right of a criminal defendant to indefinitely prolong litigation on his case.

*571 "In the name of justice and fair play this court, through its promulgation of our post conviction remedy rules and by case decision, has sought to insure that each defendant will have an avenue available by which he may challenge on appeal the correctness of his conviction. It was not our intent, however, to provide a means whereby one convicted could repeatedly re-litigate claims of improper conviction, or could unqualifiedly, upon a legitimate waiver of the right to appeal either expressly made or to be inferred through application of appropriate legal principles, raise an untimely challenge directed at some aspect of the proceedings against him. In attempting then to correlate the role of the post conviction remedy rules with those afforded by direct appeal and to define their appropriate use in a challenge directed at a criminal proceeding, it would seem obvious that this court has a vested interest in guarding against a perversion of the rules through improper invocation of their protections or a prostitution of the spirit of criminal justice through sanctioned `multi-appeals' thought to be afforded." 256 Ind. 199, 203, 267 N.E.2d 538, 540.
Here the defendant has been presumably afforded a full determination on his petition for post-conviction relief, as well as his amendments, or supplements, thereto. He yet awaits the trial court's own review of that determination in accord with his original motion to correct errors. If he does not secure relief it may be presumed that an appeal to this court will follow. Neither due process nor a sense of justice and fair play requires the stacking of post-conviction remedies here attempted.
The decision of the trial court denying appellant's petition is affirmed.
HOFFMAN, C.J., and STATON, J., concur.
NOTES
[1] These petitions are not in the record before us.
[2] Accordingly, those arguments raised by the public defender dealing with the facts vis-a-vis the requirements for a PCR 2 petition are unnecessary to this decision and are not specifically considered herein.