ELLEN GILLIAN *v.* JEAN BROZOVIC AND RICHARD J. BROZOVIC AS ADMINISTRATORS OF THE ESTATE OF JOHN BROZOVIC.

[No. 3-775A142. Filed November 24, 1975.]

*Andrew P. Rodovich,* of Hammond, for appellant.

*Robert J. Addison,* of Gary, for appellees.

PER CURIAM—This case is pending before us on the appellees' Motion To Dismiss Or Affirm which alleges the appellant's motion to correct errors was not timely filed.

The record reveals that judgment was entered on December 6, 1974, and that the motion to correct errors was filed on February 6, 1975. Rule TR. 59(C) requires that the motion to correct errors shall be filed not later than 60 days after the entry of judgment. In this case, the 60th day after judgment fell on Tuesday, February 4, 1975.

The appellant makes the sophistic argument that the motion to correct errors was timely served on the opposing party.

That pursuant to Rule TR. 5(D) service on the opposing party is of primary importance, while filing, which is a mere technical requirement, is of secondary importance and may be done either before service or at a reasonable time thereafter. The appellant mailed the motion to correct errors to the opposing party and to the trial court on the 60th day after judgment, by *ordinary mail*. Pursuant to Rule TR. 5(E)(2) filing is complete upon mailing only when the papers are mailed to the clerk *by registered or certified mail, return receipt* requested. Because the motion to correct errors was mailed to the clerk by ordinary mail, the clerk filed it as of the date of its receipt, February 6, the 62nd day after judgment. Appellant does not argue that February 6 is not the correct file date, but asserts since service was made on the opposing parties on February 4, filing on February 6 was within a reasonable time thereafter and therefore sufficient.

This Court has repeatedly held that the timely filing of the motion to correct errors is a jurisdictional act, and when the motion is late filed, it presents no question to the trial court, preserves no question for appeal, and the appeal must be dismissed because there is no jurisdiction in the reviewing court.[1] Thus, while TR. 5 does stress service and TR. 5(D) permits the filing of pleadings and papers within a reasonable time after service, the express requirements of TR. 59 control with respect to a motion to correct errors. TR. 59(C) mandates filing not later than sixty days after the entry of judgment.

Therefore, the appellees' Motion to Dismiss is sustained and this cause is dismissed.

NOTE.—Reported at 337 N.E.2d 152.

---

1. *Brunner* v. *Terman* (1971), 150 Ind. App. 139, 275 N.E.2d 553; *Lines* v. *Browning* (1973), 156 Ind. App. 185, 295 N.E.2d 853; *In re Estate of Barnett* (1974), 159 Ind. App. 491, 307 N.E.2d 490; *Murray* v. *Murray* (1974), 160 Ind. App. 72, 309 N.E.2d 831; *Hendrixon* v. *State* (1974), Ind. App., 310 N.E.2d 569.