INDIANAPOLIS MACHINERY CO., INC. AND ALVIN J. COHEN, AS ADMINISTRATOR OF THE ESTATE OF LOUIS J. BORINSTEIN, DECEASED v. BOLLMAN ET AL. AND PEOPLES BANK & TRUST COMPANY, AS SUCCESSOR TRUSTEE AND ADMINISTRATOR OF INDIANAPOLIS MACHINERY CO., INC., PROFIT SHARING PLAN AND TRUST ET AL.

ALVIN L. COHEN, AS ADMINISTRATOR OF THE ESTATE OF LOUIS J. BORINSTEIN, DECEASED AND EDWIN E. LETZTER v. INDIANAPOLIS MACHINERY CO., INC.

[No. 1-575A84. Filed January 12, 1976.]

*Donald A. Schabel, John R. Carr, Jr.,* of Indianapolis, *Stephen A. Free,* of Greenfield, for appellant and cross defendant-appellee, Indianapolis Machinery Co., Inc. *Sidney Mishkin, John Wood,* of Indianapolis, *C. Thomas Cone,* of Greenfield, for appellant and cross claimant-appellant, Alvin L. Cohen, etc.

*William H. Krieg, Richard D. Wagner, Anthony W. Mommer,* of Indianapolis, *Melville E. Watson,* of Greenfield, for appellees Bollman et al., *Alan H. Lobley,* of Indianapolis, for appellee and cross claimant-appellant Edwin E. Letzter, *Stephen M. Coons,* of Indianapolis, for appellee Peoples Bank & Trust Co., etc

ON THE
JOINT MOTION OF PLAINTIFFS-APPELLEES
AND DEFENDANT-APPELLEE,
PEOPLES BANK & TRUST COMPANY,
TO DISMISS OR AFFIRM JUDGMENT OF FEBRUARY 25, 1975,
AGAINST EDWIN E. LETZTER

PER CURIAM—The plaintiff-appellees and the defendant-appellee Peoples Bank & Trust Company have filed their Motion to Dismiss or Affirm as against cross-claimant-appellant Edwin E. Letzter, alleging that his motion to correct errors

was not filed within 60 days after the entry of the judgment he seeks to appeal.

The record reveals that the judgment which Letzter seeks to appeal was entered on February 25, 1975. The sixtieth day thereafter fell on Saturday, April 26, 1975. By operation of Rule TR. 6(A) the time for filing the motion to correct errors ran to the end of Monday, April 28, 1975. The record shows Letzter's motion to correct errors was filed on May 7, 1975.

The record further shows that on June 4, 1975, Letzter filed a motion for entry *nunc pro tunc,* in which he alleged the motion to correct errors was mailed on April 28, 1975, but that through inadvertance of the secretary of the attorney for Letzter, the envelope transmitting the motion to correct errors was not sent by certified mail but it was intended that it be so sent. The trial court granted Letzter's motion and corrected its previous entry to show Letzter's motion to correct errors was filed on April 28, 1975, the date it was mailed, rather than May 7, the date it was originally shown to have been filed.

Appellant Letzter has filed his Motion to Strike the Motion to Dismiss or Affirm alleging that the moving parties are not parties to the Judgment he seeks to appeal and therefore have no standing to move to dismiss his appeal or affirm the judgment against him. This Court has the duty to determine its jurisdiction over matters presented to it. Whether a jurisdictional defect is raised by a party or discovered by the Court and acted upon *sua sponte,* is of no consequence.[1]

---

1. E.g., Rich v. Fidelity Trust Co., 137 Ind. App. 619, 631, 207 N.E.2d 850, 858, 5 Ind. Dec. 586, 596 (1965); Brown v. Harding, 136 Ind. App. 678, 682, 204 N.E.2d 680, 682, 4 Ind. Dec. 616, 618 (1965); Ball Bros. Co. v. Review Bd., 131 Ind. App. 683, 685, 172 N.E.2d 898, 899 (1961); Graue v. Brown, 131 Ind. App. 435, 436, 171 N.E.2d 705 (1961); Wilson v. King's Estate, 131 Ind. App. 412, 415, 170 N.E.2d 63, 64 (1960); Otolski v. Nowiski's Estate, 129 Ind. App. 492, 496, 158 N.E.2d 296, 298 (1959); Northern Ind. Pub. Serv. Co. v. Darling, 128 Ind. App. 456, 457, 149 N.E.2d 702, 703 (1958).

Rule TR. 59 (C) provides:

"(C) When motion to correct errors must be filed. A motion to correct errors shall be filed not later than sixty [60] days after the entry of judgment."

Rule TR. 5 (E) sets out how filing is to be accomplished:

"(E) Filing with the court defined. The filing of pleadings and papers with the court as required by these rules shall be made by one of the following methods:

(1) Delivering the pleadings or papers to the clerk of the court;

(2) *Mailing the papers to the clerk by registered or ceritfied mail return receipt requested; or*

(3) If the court so permits, filing the papers with the judge, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk. Filing by registered or certified mail shall be complete upon mailing." (Our emphasis)

If the Supreme Court had intended that filing could be accomplished by mailing the papers to the clerk by ordinary mail, it would not have adopted the rule it did which requires mailing by registered or certified mail return receipt requested. (Compare Rule AP. 12 (C)).

By counsel's own admission in his Motion for Entry Nunc Pro Tunc, the motion to correct errors was not sent by certified mail. Therefore the trial court erred in granting Letzter's motion for entry nunc pro tunc, since the rules of the Supreme Court are binding on the courts as well as on the litigants. The motion to correct errors was properly shown filed on the day of its receipt by the clerk, May 7, 1975, and hence, the motion was not timely filed as required by Rule TR. 59 (C). Since Letzter's motion to correct errors was not timely filed he has failed to preserve any issues for review and his appeal must be dismissed. *Lines* v. *Browning* (1973), 156 Ind. App. 185, 295 N.E.2d 853; *Brunner* v. *Terman* (1971), 150 Ind. App. 139, 275 N.E.2d 553.

The Joint Motion of plaintiffs-appellees and defendant-appellee, Peoples Bank & Trust Company to dismiss the

appeal of Edwin Letzter is granted, and the appeal of Edwin Letzter is now dismissed.

NOTE.—Reported at 339 N.E.2d 612.