STEVE KRATKOCZKI *v.* WILLIAM J. REGAN, EXECUTOR OF THE ESTATE OF CHARLES SARUDY, JR., DECEASED

[No. 3-176A16. Filed October 31, 1978. Rehearing denied January 9, 1979. Transfer denied May 10, 1979.]

*Sheldon H. Cohan,* of Gary, for appellant.

*Charles E. Daugherty,* of Merrillville, for appellee.

STATON, J.—On January 25, 1974, William J. Regan, Executor of the Estate of Charles Sarudy, Jr., filed a Petition for Instructions and Restraining Order in the Lake Superior Court, Room Four. The Petition alleged that the Estate was entitled to exclusive possession of a Certificate of Deposit with a face value of ten thousand dollars ($10,000.00). This Certificate was issued by the First Federal Savings and Loan Association of Gary in the names of the decedent and Steve Kratkoczki. The trial court issued a restraining order against Kratkoczki and First Federal on the above date preventing either from withdrawing the funds.

A hearing pursuant to the Executor's Petition was held on April 5, 1974, in the Lake Superior Court, Probate Division, Room 3. At this time, both parties were directed to file proposed findings of fact and conclusions of law.

On May 21, 1974, the trial court adopted the findings and conclusions submitted by the Executor. It ruled that the joint bank account which represented the proceeds of the Certificate of Deposit was not created with right of survivorship. The bank account was ordered to be divided between the parties according to the sources of the funds which had contributed to its creation. Kratkoczki was awarded $3,136.95 which had devolved from a joint account with right of survivorship previously held between himself and the decedent. The Estate received the remaining $6,973.55 (representing remaining principal plus accrued interest of $110.50) which had originated in a joint account with right of survivorship held by the decedent and his late mother.

Kratkoczki filed his Motion to Correct Errors and Motion for Relief from Judgment on July 23, 1974. The Executor filed an Answer to these motions on August 6, 1974, including a Motion to Dismiss. The latter alleged that Kratkoczki had failed to file his Motion to Correct Errors within sixty days after the entry of judgment as is required by Ind. Rules of Procedure, Trial Rule 59(C). On September 6, 1974, the trial court overruled the Executor's Motion to Dismiss and granted Kratkoczki's Motion to Correct Errors. The trial court indicated that it had entered its previous judgment while under the erroneous impression that this

case was before it on appeal. It then referred this matter to its Probate Commissioner for further action.

On May 13, 1975, the trial court, through its Probate Commissioner and after the admission of additional evidence, declared the joint bank account to be a tenancy in common. It then ordered the account's assets to be equally divided between the contesting parties. Kratkoczki filed his Motion to Correct Errors on July 11, 1975. This was overruled on October 17, 1975.

The Executor now claims that Kratkoczki's initial failure to file a timely Motion to Correct Errors barred the trial court from considering any of his contentions of error. We agree; we dismiss this appeal for lack of jurisdiction.

TR. 59(C) reads as follows:

"(C) When motion to correct errors must be filed. A motion to correct errors shall be filed not later than sixty [60] days after the entry of judgment."

The trial court's initial judgment in this case was entered on May 21, 1974. Kratkoczki's Motion to Correct Errors was filed in open court on July 23, 1974. This was sixty-three (63) days after the entry of judgment.

The implications of Kratkoczki's failure to file a timely Motion to Correct Errors are discussed in *Brunner v. Terman* (1971), 150 Ind.App. 139, 148, 275 N.E.2d 553, 558-559:

"[I]t was incumbent upon appellee Terman to file his motion to correct errors within sixty days thereafter and a failure to do so waived the right to file them and barred his right to appeal his cause of action. He had filed his motion to correct errors on the sixty-first day.

"This late filing being jurisdictional, this court has no right or authority to consider any errors attempted to be raised in the untimely motion to correct errors."

*See also Murray v. Murray* (1974), 160 Ind.App. 72, 309 N.E.2d 831; *Gillian v. Brozovic* (1975), 166 Ind.App. 682, 337 N.E.2d 152.

The effect of a judgment made without jurisdiction was con-

sidered in *Lowery v. State Life Ins. Co.* (1899), 153 Ind. 100, 102, 54 N.E. 442, 443:

"A departure from the limits and terms of jurisdiction is usurpation of power that imparts no validity whatever to its judgments and decrees. Works, § 10, p. 28, and authorities cited. Hence, we have the generally accepted rule that, when a court proceeds without jurisdiction of the subject-matter, its judgment is wholly void; and, adopting as our own the words of the court in *Sheldon v. Newton,* 3 Ohio St., 494, on page 498, 'It is equally unimportant how technically correct, and precisely certain, in point of form, its record may appear; its judgment is void to every intent, and for every purpose, and must be so declared by every court in which it is presented.' "

The trial court's granting of Kratkoczki's first Motion to Correct Errors is, therefore, null and void. Any subsequent actions predicated on this ruling are tainted by its nullity and are similarly without effect. We are, hence, without jurisdiction to review Kratkoczki's second Motion to Correct Errors since it, too, lacks the force of law.

"This Court has the duty to determine its jurisdiction over matters presented to it. Whether a jurisdictional defect is raised by a party or discovered by the Court and acted upon *sua sponte,* is of no consequence." (Footnote omitted).

*Cohen v. Indianapolis Machinery Co., Inc.* (1976), 167 Ind.App. 596, 339 N.E.2d 612, 613.

"And the duty is not affected by the acquiescence or agreement of the parties to submit to the jurisdiction, since jurisdiction that cannot be acquired without consent cannot be bestowed with it. . . ." (Citations omitted).

*Lowery v. State Life Ins. Co., supra,* 153 Ind. at 103, 54 N.E. at 443.

We therefore dismiss Kratkoczki's appeal for lack of jurisdiction. This case is remanded to the Lake Superior Court with instructions to vacate the judgment from which this appeal was taken and to reinstate the original judgment made in this matter.

We dismiss.

Buchanan, C.J., (by designation), concurs;

Garrard, P.J., dissents with opinion.

## DISSENTING OPINION

GARRARD, P.J. — I dissent from the majority analysis and disposition in this cause. I would reverse the judgment on the merits.

Judgment was originally entered on May 21, 1974. That judgment was set aside on September 6, 1974 because the court discovered that the case had never been tried. Under the Lake County court system the claim was to have been heard by a probate commissioner. Thinking this had been done and that he was accepting the commissioner's findings and recommendation, the judge had entered the judgment. In fact the findings were merely a proposal proffered by the appellee and the commissioner had not considered the case.

On May 13, 1975 the case again proceeded to judgment and this appeal followed. The majority has accepted the argument advanced by the estate that appellant's motion attacking the original judgment was filed late and that all proceedings thereafter were a nullity.[1] There is no doubt that appellant's motion was filed after the sixty day time limit prescribed by Indiana Rules of Procedure, Trial Rule 59(C) had expired. In addition, since more than ninety days elapsed before the judgment was vacated, appellant secures no aid from IC 33-1-6-3 which permits courts to generally retain jurisdiction over their decisions for that amount of time.

The question, then, is whether there was another valid basis upon which the court could premise its action of September 6th setting aside the original judgment. I find such a basis in TR. 60.

TR. 60(A) provides that a court may at any time and upon its own initiative correct *either* clerical mistakes *or* errors arising from oversight or omission. While operation of this subdivision is limited to these specified forms of error, *State ex rel. AAFCO H. & A.C. Co., Inc. v. Lake Superior Ct.* (1975), 263 Ind. 233, 328 N.E.2d 733, I believe the error here found and corrected by the court falls fairly within the definition of errors arising from oversight or omission. Under the operation of the Lake County Court system the case had been referred to a commissioner for

---

1. If the majority correctly decided that the appeal must be dismissed for lack of jurisdiction in this court, I fail to discern how we are presently authorized to *order* the trial court to vacate its judgment and reinstate the prior one.

hearing. When the judge entered the judgment of May 21, 1974, he did so because he believed the case had in fact been heard and that the findings and judgment were the commissioner's recommendation.[2] When he discovered that in truth no hearing had been held he set the judgment aside. TR. 60(A) permitted him to do so on his own initiative. It is therefore superfluous whether or not a timely motion was filed by appellant.

However, even if TR. 60(A) were not applicable the trial court's action should be sustained. The motion filed by appellant attacking the 1974 judgment was entitled "Motion to Correct Errors And For Relief From Judgment." An examination of the motion and the accompanying memorandum clearly establishes that the first three grounds urged by appellant would have been cognizable under TR. 59 but were not sufficient under TR. 60(B).

The final ground asserted the judgment was void, a ground for relief specified by TR. 60(B)(6). However, the accompanying memorandum made it clear that the error being urged was the failure of the commissioner to hear the case and the fact that judgment was entered without trial having been held.

We have consistently held that the motion and accompanying memorandum should be construed together in considering the adequacy of a claim for relief under TR. 59. *See Leist v. Auto-Owners Ins. Co.* (1974), 160 Ind.App. 322, 311 N.E.2d 828 (TR. 59). Surely, the same rule should apply in considering a motion under TR. 60(B).

While the judgment complained of was actually voidable rather than void, the trial court, recognizing the justice of the claim, granted relief. Under such circumstances this court should not reverse on procedural technicalities unless it is clear that the trial court lacked jurisdiction in its action.[3] Such is not the case here. Whether the TR. 60(B)(6) reference to void judgments should be deemed to include voidable

---

2. The facts thus distinguish this case from *Hooker v. Terre Haute Gas Corp.* (1974), 162 Ind.App. 43, 317 N.E.2d 878 where this court stated that the deliberate failure to hold a hearing was not a clerical mistake under TR. 60(A).

3. One distinction between cases where the trial court grants relief and cases where it denies relief on technically imperfect motions is that denial may have been premised on the imperfection.

judgments or whether voidable judgments constitute a reason justifying relief under TR. 60(B)(8) it does not appear that the court was clearly without jurisdiction to grant relief. I therefore would decide the case on the merits.

The claim originated to determine appellant's rights in a certificate of deposit issued by a federal building and loan association in the names of appellant or decedent, Charles Sarudy, Jr. The appellant claims the whole on a theory of joint tenancy with right of survivorship. The trial court determined a tenancy in common was created. In the first judgment it apportioned the proceeds unequally; in the second, equally.

To resolve the age old conflict concerning survivorship rights in jointly owned personal property our legislature in 1853 declared this state's policy to treat surviving joint owners as having the same rights as tenants in common unless otherwise expressed in the instrument. *See* IC 32-4-1-1 (Repealed, Acts of 1975). While the 1975 legislature reversed the presumption as to accounts with financial institutions, the prior law is applicable to these proceedings.[4] While the new statute reflects a legislative expression of shifting public attitude, it is important to note that the purpose it serves is to provide a predictable basis for dispute resolution in an area where the parties may be reasonably expected to be aware of the rule and conform their conduct to its mandate.[5] Nothing intrinsic in the concept of joint ownership dictates the result since the parties may well intend either form.

Thus, the rule provides a sound basis for dispute resolution where the instrument is silent as to survivorship rights and the interested parties would otherwise attempt to rely on declarations of one deceased to establish intent. However, it is unnecessary to utilize the rule to frustrate the actual intent of the parties, if that intent is clearly manifested in unequivocal language in a written instrument executed in connection with the account in question. *Estate of Harvey v. Huffer* (1955), 125 Ind.App. 478, 126 N.E.2d 784.

---

4. For present law *see* IC 32-4-1.5-1 *et seq.*

5. While depositors may be unaware, the institutions with which their deposits are made can be reasonably expected to be aware. The statutory shift reflects a belief that in present society depositors creating joint accounts intend to create survivorship interests more often than not.

In the present case the signature card for creation of the certificate/share account was introduced in evidence. The portion of the card which was completed and bore the signatures of the parties was entitled "(b) Membership of joint holders (with right of survivorship) of a share account." It stated that the undersigned thereby applied for a membership and share account in the savings and loan "and for the issuance of evidence of membership in the approved form in the joint names of the undersigned as joint tenants with the right of survivorship and not as tenants in common."[6]

Accordingly, the evidence established a joint tenancy with right of survivorship. The judgment should be reversed and judgment should be entered for appellant.

NOTE — Reported at 381 N.E.2d 1077.

---

6. A notation at the bottom of the card indicated that the certificate issued pursuant to the application "must" bear the inscription "with the right of survivorship and not as tenants in common." While this may evidence the savings and loan's negligence in issuing the actual certificate, I do not believe it detracts from the intent expressed by the quoted language in the application.