The INDIANA PAROLE BOARD, Albert Tutsie, Chairman, Indiana Parole Board; John Barton, Member, Indiana Parole Board; Glen Douthitt, Member, Indiana Parole Board; Harlan Hicks, Member, Indiana Parole Board; Ruth Pappert, Member, Indiana Parole Board; Otis M. Bowen, Governor of the State of Indiana; Gordon H. Faulkner, Commissioner of the Indiana Department of Correction, Appellants (Defendants Below),

v.

Makau Kojo GAIDI a/k/a Robert Wright and Diane Lewis Carr, Appellees (Plaintiffs Below).

No. 2–978A317.

Court of Appeals of Indiana, Fourth District.

Oct. 23, 1979.

Theodore L. Sendak, Atty. Gen., Charles N. Braun, II, Joseph N. Stevenson, Deputy Attys. Gen., Indianapolis, for appellants.

Cynthia A. Metzler, Patricia L. Brown, Indianapolis, for appellees.

YOUNG, Judge.

This consolidated appeal arises from two default judgments entered by the trial court against the appellant-defendant, Indiana Parole Board, et al.

We dismiss, *sua sponte*.

The defendants, represented by the Attorney General of Indiana, entered an appearance and filed a motion for change of venue in response to each of two complaints filed in Marion Circuit Court. No further action was taken by the Attorney General in either case, notwithstanding that the plaintiffs filed various motions for discovery, an amended complaint, motions to vacate the change of venue orders based on the Attorney General's failure to perfect the changes, motions to compel discovery, and finally motions for default judgment

which were granted in both cases. The Attorney General then appeared and filed a motion to set aside the default judgment in each case. Both motions were denied.

The denial of each motion to set aside is the final judgment from which this appeal is taken. Ind.Rules of Procedure, Trial Rule 60(C). In each case, the defendants-appellants filed a motion to correct errors on May 24, 1978, (Carr R. 105; Gaidi R. 122.) The motion to correct errors must be filed not later than sixty days after the entry of judgment. TR. 59(C). The motion to correct errors was not filed within the sixty day limit, contrary to appellee's statement in its brief that it was filed within sixty days. In both cases the sixtieth day was May 23, 1978.

◼◼◼ The timely filing of the motion to correct errors is a jurisdictional act. The late filing being jurisdictional, "this court has no right or authority to consider any errors attempted to be raised in the untimely motion to correct errors." *Brunner v. Terman*, (1971) 150 Ind.App. 139, 275 N.E.2d 553, 558–559; see also *Kratkoczki v. Regan*, (1978) Ind.App., 381 N.E.2d 1077, 1078–79; *Gillian v. Brozovic*, (1975) Ind. App., 337 N.E.2d 152, 153; *Murray v. Murray*, (1974) 160 Ind.App. 72, 309 N.E.2d 831; *Lines v. Browning*, (1973) 156 Ind.App. 185, 295 N.E.2d 853, 854–55.

This court has no choice but to dismiss this appeal. In the past, where the Court of Appeals has chosen to ignore untimely filings which are jurisdictional, the Supreme Court has granted transfer and vacated any opinion on the merits. *See e. g. Eggers v. Wright*, (1969) 253 Ind. 44, 245 N.E.2d 331 and *Brindle v. Anglin*, (1965) 246 Ind. 601, 208 N.E.2d 476 (failure of Appellate Court to dismiss because transcript was not timely filed).

Appeal dismissed.

MILLER, P. J., and CHIPMAN, J., concur.