Wayne HEPP, Carolyn Hepp, and Wade Dale Hepp, an infant, by Wayne and Carolyn Hepp, his parents and guardians, Appellants-Plaintiffs,

v.

Michael HAMMER, Physician, Appellee-Defendant.

No. 4-582A111.

Court of Appeals of Indiana, Fourth District.

Sept. 21, 1982.

Zarko Sekerez, Merrillville, for appellants-plaintiffs.

Lester F. Murphy, Murphy, MacAtee, Murphy & Costanza, . East Chicago, for appellee-defendant.

CONOVER, Judge.

This is an attempted appeal from the dismissal of a medical malpractice complaint by the Lake Circuit Court.

Appeal dismissed.

Plaintiff-appellant Wayne Hepp, his wife, Carolyn, and son, Wade, an infant, by his parents as guardians, filed their complaint in 1979, charging defendant-appellee Michael Hammer, a physician, with negligently failing to advise Carolyn, Wade's natural mother, of the danger of future pregnancies due to the RH factor in her blood, during consultations in 1975. Hammer filed a motion to dismiss alleging:

(a) failure to promptly prepare and deliver to the trial court clerk copies of a summons reasonably calculated to effectuate service upon Hammer, a resident of Austria, a fact of which Hepps' counsel, Zarko Sekerez, had actual knowledge,

(b) the Hepps' claim was barred because it was filed more than two years after Hammer's alleged negligent acts, and

(c) the Hepps failed to allege, and in fact did not file a complaint with the Indiana

Commissioner of Insurance against Hammer, a registered Health Care Provider, prior to filing the current action in the Lake Circuit Court.

The trial court granted Hammer's motion to dismiss on October 21, 1981, and twenty-two days later on November 12, 1981, entered judgment against the Hepps. The trial court had notified the parties of its order of dismissal on the day of its entry, pursuant to Ind. Rules of Procedure, Trial Rule 72(D), but the Hepps failed to amend their complaint within ten days, as provided by Trial Rules 12(B)(8) and 15(A). The Hepps then filed a motion to correct errors in the trial court on January 12, 1982, which was overruled February 8, 1982. The record on appeal was filed with the Clerk of this court on May 10, 1982.

We have no jurisdiction to entertain this appeal. In the first instance, the motion to correct errors was filed one day too late.[1]

A trial court is without jurisdiction to entertain a motion to correct errors after the time provided for filing it has expired. The action of the trial court in overruling a motion to correct errors which was not timely filed is a nullity. Since the trial court had no jurisdiction, we have none. *Indiana Parole Board v. Gaidi* (1979) Ind.App., 395 N.E.2d 829; *Gilliam v. Brozovic* (1975) 166 Ind.App. 682, 337 N.E.2d 152; *Lines v. Browning* (1973) 156 Ind.App. 185, 295 N.E.2d 853.

Also, even if the Hepps' motion to correct errors had been timely filed, their "amended praecipe" for record was filed forty-three days too late.[2] It is incumbent upon appellant to present a record to this Court in which the fact of appellate jurisdiction affirmatively appears. Absent such showing the appeal will be dismissed. *Louisville, etc. R.R. Co. v. Jackson,* (1878) 64 Ind. 398; *Peoples State Bank of Crown Point v. Bankers Trust Co. of Gary,* (1936) 102 Ind.App. 647, 4 N.E.2d 674.

---

1. Trial Rule 59(C) provides for the filing of motions to correct error "not later than sixty [60] days" after entry of judgment. Here the last day was January 11, 1982.

2. Appellate Rule 2(A) requires a praecipe for record to be filed with the clerk of the trial court "within thirty [30] days after the court's ruling on the Motion to Correct Errors *or the*

We note the Hepps' amended praecipe did not call for the entire record, only portions thereof. The original praecipe for record was not requested nor was it included. However, the amended praecipe for record reads in part:

"COME NOW Plaintiffs, by counsel, and amend their Praecipe, *filed March 11, 1982, . . .*" (Emphasis supplied.)

Tr., p. 81. This allegation shows us the original praecipe for record also was filed one day too late, even if the motion to correct errors had been timely filed.

■ The right to appeal is forfeited unless a praecipe for record is timely filed within thirty days after the ruling on a motion to correct errors. *Bailey v. Sullivan,* (1982) Ind.App., 432 N.E.2d 75, Ind. Rules of Procedure, Appellate Rule 2(A).

This appeal is dismissed.

YOUNG, P.J., and MILLER, J., concur.

*right to appeal will be forfeited.*" (Emphasis supplied.) Here, the last day to file it was