**Wayne HEPP, Carolyn Hepp, and Wade Dale Hepp, an infant, by Wayne and Carolyn Hepp, his parents and guardians, Appellants-Plaintiffs,**

v.

**Michael HAMMER, Physician, Appellee-Defendant.**

**No. 4–582A111.**

Court of Appeals of Indiana, Fourth District.

Feb. 22, 1983.

Rehearing Denied March 25, 1983.

Zarko Sekerez, Merrillville, for appellants-plaintiffs.

Lester F. Murphy, Murphy, McAtee, Murphy & Costanza, East Chicago, for appellee-defendant.

## OPINION ON REHEARING

CONOVER, Judge.

The Hepps filed a petition for rehearing after our original opinion in this case was filed, *cf. Hepp v. Hammer,* (1982) Ind.App., 439 N.E.2d 735. There we dismissed the appeal due to lack of jurisdiction. It appeared the Hepps had filed both their motion to correct errors and original praecipe for record one day too late. When the Hepps' petition for rehearing indicated their motion to correct errors and praecipe for transcript might have been timely filed by their deposit as certified mail on the last day for filing, we gave the Hepps authority to withdraw the record and have it modified to correctly reflect those matters as provided by Ind.Rules of Procedure, Appellate Rule 7.2(C). The Hepps withdrew the transcript, it was properly modified, and timely re-filed with our clerk.

The record as modified demonstrates the motion to correct errors and the original praecipe for record were timely filed, each on the last day for filing. Thus, we have jurisdiction, and will consider this appeal on its merits.

We grant the petition and reverse.

ISSUES

This appeal presents the following issues:

1. Whether a non-party to an action may enter a special appearance to challenge the trial court's jurisdiction of a named defendant.

2. Whether the trial court erred by dismissing the Hepps' complaint because they did not diligently attempt to obtain personal service upon Dr. Hammer.

3. Whether the Hepps' malpractice action against Dr. Hammer is barred by the applicable statute of limitations.

FACTS

Wayne Hepp, his wife Carolyn, and infant son Wade, filed this medical malpractice action against Dr. Hammer in 1979, charging he negligently failed to advise Carolyn of the danger of future pregnancies because of the Rh factor in her blood during a consultation with her in 1975.

On July 14, 1981, the court made an entry which reads in part as follows:

Comes now Lester Murphy, Jr. of the firm of Murphy, McAtee, Murphy & Costanza and shows to the court that *he is the attorney for Aetna Casualty and Surety Company* who, at one time, issued a policy of insurance to Michael Hammer, M.D. insuring him against Medical Malpractice claims, . . . .

Lester Murphy, Jr. *does hereby enter a special appearance* solely for the purpose of quashing the summons by publication and dismissing this cause . . . . (Emphasis supplied.)

The court granted Aetna's counsel thirty days to prepare and file an appropriate pleading. Thirty-one days later, Aetna's counsel filed a motion to dismiss which reads in part

Comes now LESTER F. MURPHY, *Counsel for Aetna Casualty and Surety Com-*

*pany,* medical malpractice insurer of Michael Hammer, M.D., and moves the court to dismiss this cause . . . ; and alternatively moves the court to quash summons by publication and/or mail *directed to the defendant, Michael Hammer, M.D.* . . . . (Emphasis supplied.)

The trial court granted the motion to dismiss on October 21, 1981, and twenty-two days later entered judgment against the Hepps after notice pursuant to Trial Rule 72(D).

## DISCUSSION AND DECISION

Because we reverse, we need discuss only one issue.

The Hepps first argue the court erred when it refused to grant their motion to strike the appearance of Aetna's counsel and the motions he filed "on behalf of Dr. Hammer." We agree.

When counsel first appeared, he told the court he was "the attorney for Aetna Casualty and Surety Company." His representation never changed, as evidenced by the court's entry of September 28, 1981, which reads in part:

> Comes now the plaintiff . . . and Aetna Casualty by Lester F. Murphy and submit oral argument on defendant's verified motion to dismiss . . . .

The entry evidently was unacceptable to counsel because the court's later entry of October 16, 1981, reads in part:

> Comes now the court and issues a Nunc Pro Tunc order *to correct the entry of 9/28/81* to show Lester F. Murphy, *counsel for Aetna Casualty and Surety Company,* medical malpractice carrier of the defendant Michael Hammer, M.D. . . . . (Emphasis supplied.)

Attorney Murphy represented Aetna, not Dr. Hammer. The question then becomes can a non-party appear and defend on behalf of a named defendant without any other showing in the record?

Indiana Law Encyclopedia discussing who are parties to an action says

> While, in a larger legal sense, the term "party" or "parties" has been defined as any or all persons who have a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if an appeal lies, the term "party or parties to the action" is generally used to designate the person or persons who are seeking to establish a right and a person or persons on whom it is sought to impose a corresponding duty or liability, and the term "party to a proceeding" in its ordinary legal meaning is held to embrace such persons only as are parties in a legal sense, and to have been made or become such in some mode prescribed or recognized by the law, so that they are bound by the proceeding.

> Whether a person is a party to an action must be ascertained exclusively by an inspection of the record. It can appear in no other way.

22 I.L.E. *Parties* ¶ 1 (1959); *Robinson v. Vanderburg County,* (1871) 37 Ind. 333, 334–336; *Sturgis, et al. v. Rogers, et al.,* (1866) 26 Ind. 1, 9.

Our trial rules provide only one method by which one not named a party to an action may become an active litigant. Ind. Rules of Procedure, Trial Rule 24, sets forth the procedure by which one may intervene in a pending action. Aetna filed no petition to intervene in this case.

Additionally, no petition to appear "amicus curiae" was filed. To do so would have been unavailing for Aetna's purposes in any event. As Staton, J. said:

> An *amicus curiae,* on the other hand, as an advisor of the court

> "is not a party to the suit, and has no control over it . . . . [He] has no rights in the matter. *He can file no pleadings or motions of any kind.* He can reserve no exception to any ruling of the court, and of course cannot prosecute an appeal . . . the *amicus curiae* can do nothing other than advise the court, no party to the action has any cause to complain if the court grants a stranger the privilege of being heard, since no action of such party can effect the legal rights of the party to the action. . . ." *In re: Perry*

582

(1925), 83 Ind.App. 456, 462, 148 N.E. 163, 165. (Emphasis supplied.)

*Skolnick v. State,* (1979) Ind.App., 388 N.E.2d 1156, 1172, cert. den'd. 445 U.S. 906, 100 S.Ct. 1085, 63 L.Ed.2d 323.

Aetna was not a party to this action. The court neither granted Aetna the right to intervene nor the privilege of appearing *amicus curiae.* Aetna had no standing in the case whatsoever.

The trial court erred in not sustaining the Hepps' motion to strike Aetna's appearance and pleadings. Its grant of Aetna's motion to dismiss and entry of judgment was a nullity.

This cause is reversed and remanded to the trial court with instructions to

(a) sustain the Hepps' motion to strike,

(b) strike the appearance of Aetna Casualty and Surety Company,

(c) strike all pleadings filed by that entity, and

(d) expunge from the record all subsequent entries with reference to such purported pleadings, including its judgment of dismissal,

and for further proceedings consistent with this opinion.

MILLER, J., and YOUNG, P.J., concur.