Phillip O. SWAIN, Defendant–Appellant,

v.

Evelyn SWAIN, Plaintiff–Appellee.

No. 18A02–9005–CV–00278 [1].

Court of Appeals of Indiana,
Fifth District.

Jan. 30, 1991.

James J. Jordan, Muncie, for defendant-appellant.

Dale E. Hunt, Dunnuck, Teagle & Hunt, Muncie, for plaintiff-appellee.

1. This case has been diverted to this office by the order of the Chief Judge.

2. Effective January 1, 1991 the provisions for extension of time in the absence of a record of

SHARPNACK, Judge.

This case is before us on appellee's motion to dismiss on the ground that appellant failed to file either a praecipe or motion to correct error within thirty days of the entry of judgment by the trial court. We deny the motion.

Trial to the court on appellee's complaint resulted in the entry of a judgment in favor of appellee on December 27, 1989. Appellee's counsel learned of the judgment and obtained a copy of it that day. Thirty-three days later on January 29, 1991 he spoke to appellant's counsel about the judgment in connection with contemplated proceedings supplemental. It was at this time that appellant's counsel first learned of the judgment having been entered. Two days later on January 31, 1990 appellant's counsel checked into the matter in the clerk's office.

At that time, the file could not be located in the clerk's office, but an entry was located in the clerk's computer data that reflected the entry of the judgment on December 27, 1989 and further the code letter "N" which signified that no notice of the judgment had been given to the parties or counsel. On February 28, 1990 (30 days after hearing of the judgment from his opponent and 28 days after confirming the entry of the judgment in the clerk's office) appellant's counsel filed a motion to correct error.

The motion itself was addressed to claimed error in the judgment (Record 3–4), but the four affidavits submitted in support of it were addressed solely to matters that would have pertinence to an application under Ind.Trial Rule 72(D) [2] for an extension of time within to file a motion to correct error. (Record 5–12) Three of them were by personnel in the clerk's office and related to the search for the file and the location of the computer entries on January 31, 1990. The fourth was by appellant's counsel and indicated that he "had

mailing notice by the clerk are in T.R. 72(E) and are not different from those which were in T.R. 72(D) in any way important to this case.

daily checked the courthouse anticipating the decision of the Court." His affidavit concluded:

> That this affidavit is made in support of filing a motion to correct errors in a belated fashion because of lack of notice from the clerk's office of the entry of such judgment. That it was impossible for the undersigned to timely file a motion to correct errors due to lack of notification of the entry of a judgment. That this affidavit is made pursuant to rule T.R. 72(D) in support of filing a motion to correct errors. (Paragraphing and numbering omitted) (Record 12)

The trial court in its ruling on appellant's motion on March 27, 1990 made no reference to the timeliness of the filing of the motion stating simply: "Comes now the court and denies motion to correct errors. Clerk to send copy of docket to counsel of record." (Record 105)

■ Appellate Rule 2(A) provides that an appeal is initiated by the filing of a praecipe which must be filed within thirty days after the entry of a final judgment or, if a motion to correct error was filed, within thirty days after the ruling on the motion to correct error. Trial Rule 59(C) provides that a motion to correct error must be filed within thirty days after the final judgment is entered. Failure to file a praecipe within the required time will result in dismissal of the appeal. *Hughes v. County of Morgan* (1983), Ind.App., 452 N.E.2d 447. Failure to file a motion to correct error within the required time will result in dismissal of the appeal. *Kratkoczki v. Regan* (1978), 178 Ind.App. 184, 381 N.E.2d 1077.[3]

> Trial Rule 72(D) provides that:
> [W]herever the mailing of the notice by the clerk of the ruling, order or judgment is not evidenced by a note made by the clerk upon the docket, and no other court record affirmatively shows that such notice was actually mailed by the clerk, the court, upon application for good cause

shown, may grant an extension of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge.... Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

■ The answers to two questions are dispositive of the motion to dismiss. The first is whether or not appellant made an application for extension of time within which to file a motion to correct error. The second is whether or not the court granted an extension of that time.

The appellant's motion to correct error and the supporting affidavits, taken as a whole, did place before the court the question of permitting the appellant to file the motion after the time had passed in which it would otherwise have been required; that is, an extension of time. The factual recitations in the affidavits put before the court a situation in which the terms of Trial Rule 72(D) regarding lack of notice were met and in which the court could conclude good cause had been shown. *A & S Corp. v. Midwest Commerce Banking Co.* (1988), Ind.App., 525 N.E.2d 1290. The trial court's ruling carries with it the implication that the court had allowed the untimely filing of the motion to correct error, but had overruled the motion to correct error itself. We cannot assume that the court would have done a useless thing by ruling on the motion to correct error without having allowed the extension of time for filing the motion to correct error. Ruling on a motion to correct error which was not timely filed (and which had not properly been permitted to be filed late) would be a nullity. *Kratkoczki v. Regan* (1978), 178 Ind.App. 184, 381 N.E.2d 1077, 1079; *Hepp v. Hammer* (1982), Ind.App., 439 N.E.2d 735, 736 *Reh. granted*, 445 N.E.2d 579 (1983). Where the record reasonably permits, we prefer to dispose of appeals on their merits.

---

**3.** The motion to correct error is no longer a prerequisite to appeal except where there is a claim of newly discovered material evidence or of the inadequacy or excessiveness of a monetary award. The motion *may* be used where other error is claimed and, *if* used, must be filed within the time prescribed. T.R. 59(A), (B) and (C).

*Sekerez v. Gehring,* (1981), Ind.App., 419 N.E.2d 1004.

A reasonable interpretation of the record which would permit this appeal to be considered on its merits would be that the trial court permitted appellant an extension of time within which to file the motion to correct error and then overruled the motion. Trial Rule 72(D) provides that "Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation." Appellant's motion to correct error was filed within thirty (30) days after his counsel first learned of the entry of the judgment. While the motion, as an application for an extension of time, in terms of form and timing should serve as no example to counsel similarly situated, it does survive scrutiny.

The motion to dismiss is denied.

MILLER, P.J., and RUCKER, J., concur.