**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**DAVID STREETER**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID STREETER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 44A04-1110-PC-640 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAGRANGE SUPERIOR COURT
The Honorable George E. Brown, Judge
Cause No. 44D01-0604-PC-1

**May 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

David Streeter appeals the post-conviction court's denial of his amended petition for post-conviction relief. Streeter presents three issues for our review, and the State raises an issue on cross appeal. We consolidate the issues and address the following issues:

1. Whether Streeter timely filed his notice of appeal;

2. Whether Streeter's guilty plea was made knowingly, voluntarily, or intelligently;

3. Whether Streeter received the effective assistance of trial counsel; and

4. Whether Streeter may argue for the first time on appeal that the trial court abused its discretion when it sentenced him.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2002, Streeter pleaded guilty to one count of child molesting, as a Class A felony; two counts of child molesting, as Class C felonies; and to being a repeat sexual offender. The trial court sentenced him to an aggregate term of sixty years in the Department of Correction. Streeter did not appeal.

On April 10, 2006, Streeter filed his petition for post-conviction relief, which he amended on September 20, 2010. In his amended petition, Streeter alleged that his guilty plea to the Class A felony had not been made knowingly, voluntarily, and intelligently and that he had also been denied the effective assistance of counsel. The post-conviction court held an evidentiary hearing on Streeter's petition on July 6, 2011. The court denied his petition on October 3. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One:  Notice of Appeal

We first consider the State's assertion on cross-appeal that Streeter did not timely file his notice of appeal with the trial court clerk.[1]  According to the State, Streeter's notice of appeal was due on November 2, 2011, but the post-conviction court's chronological case summary does not reflect the filing of any notice of appeal.  Thus, the State concludes, Streeter's appeal should be dismissed.

Our motions panel considered this issue and concluded that Streeter had timely filed his notice of appeal.  In particular, on April 23, 2012, we ordered Streeter to show cause as to why his appeal should not be dismissed in light of the apparently absent notice of appeal.  Streeter, an inmate at the Pendleton Correctional Facility, timely responded and attached several exhibits.  Specifically, Streeter attached a copy of the notice of appeal, which, while file stamped on December 29, 2011, showed that he had signed and dated the notice on October 20, 2011.  Streeter also attached his request for remittance of funds from the Pendleton Correctional Facility to pay for the postage to mail the notice, which was dated October 21, 2011.  And Streeter attached a statement from Alberta Potter, who mailed his notice from the Pendleton Correctional Facility.  Potter stated that "[t]his piece of legal mail . . . was mailed on 10-25-11."  Appellant's Response to the Court's Order to Show Cause (May 14, 2012).  Streeter then opined that the trial court clerk erroneously file stamped his notice of appeal for December rather than October.

---

[1]  The version of Indiana Appellate Rule 9 in effect at the time Streeter's notice of appeal was due required the notice of appeal to be filed with the clerk of the trial court.  See Ind. Appellate Rule 9(A)(1) (2011).

3

While this court may reconsider a ruling of our motions panel, in general "we decline to do so in the absence of clear authority establishing that it erred as a matter of law." Oxford Fin. Group, Ltd. v. Evans, 795 N.E.2d 1135, 1141 (Ind. Ct. App. 2003). Further, "[w]here the record reasonably permits, we prefer to dispose of appeals on their merits." Swain v. Swain, 565 N.E.2d 1134, 1135 (Ind. Ct. App. 1991). The record on this issue is not as clear as we prefer, but Streeter has presented evidence that reasonably suggests he timely filed his notice of appeal. Accordingly, we will not reconsider the conclusion of our motions panel.

### Issue Two:  Guilty Plea

On appeal, Streeter first asserts that his guilty plea to child molesting, as a Class A felony, was not made knowingly, voluntarily, or intelligently. As Streeter stated in his petition for post-conviction relief, he raises this issue "as [a] fundamental error issue." Appellant's App. at 19; see Tumulty v. State, 666 N.E.2d 394, 395-96 (Ind. 1996) (holding that a defendant can challenge the validity of his guilty plea only through a petition for post-conviction relief).

As we have explained:

> [The petitioner for post-conviction relief bears] the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. If an issue was known and available, but not raised on direct appeal, it is waived. If it was raised on appeal, but decided adversely, it is res judicata.
>
> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. The post-conviction court is the sole

4

judge of the evidence and the credibility of the witnesses. Because he is now appealing from a negative judgment, to the extent his appeal turns on factual issues[, the petitioner] must convince this court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. We will disturb the decision only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court.

Lindsey v. State, 888 N.E.2d 319, 322 (Ind. Ct. App. 2008) (citations omitted), trans. denied. "Issues not raised in a petition for post-conviction relief may not be raised for the first time on appeal." Emerson v. State, 812 N.E.2d 1090, 1098-99 (Ind. Ct. App. 2004).

In his amended petition for post-conviction relief, Streeter expressly limited his argument to his belief that "the [S]tate was required to prove penetration" in order for him to have committed child molesting, as a Class A felony. Appellant's App. at 19 (emphasis original). The post-conviction court rightly rejected this assertion, stating that the State had charged Streeter, and Streeter had acknowledged in establishing the factual basis for his plea, with performing deviate sexual conduct on his victim by placing his mouth on her vagina. See Ind. Code §§ 35-42-4-3(a)(1) (defining child molestation, as a Class A felony), 35-31.5-2-94 (defining "[d]eviate sexual conduct" as "an act involving: (1) the sex organ of one (1) person and the mouth or anus of another person . . . .").

On appeal, Streeter shifts course and asserts that he did not commit deviate sexual conduct on his victim because he merely "touched" the child's vagina with his mouth and that "what is essentially a kiss [is not] a touching offense or act so egregious" as to be deviate sexual conduct. Appellant's Br. at 6. We agree with the State that Streeter's argument on appeal is a new argument that was not properly preserved by first raising it

to the post-conviction court. See Emerson, 812 N.E.2d at 1098-99. As such, it is waived. To be sure, however, Streeter's argument is not supported by the law or the record.[2]

### Issue Two:  Effective Assistance of Counsel

Streeter next contends that he was denied the effective assistance of trial counsel. A claim of ineffective assistance of counsel must satisfy two components. Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. Id. at 687-88. Second, the defendant must show prejudice:  a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694.

Streeter's assertion that he was denied the effective assistance of trial counsel is premised on his theory that his contact with his victim could not have been classified as deviate sexual conduct. Streeter further asserts that his trial counsel did not perform effectively when he failed to have certain documents admitted as evidence. Streeter did not preserve either of these arguments for our review.

As with Issue Two, in his amended petition for post-conviction relief Streeter alleged he was denied the effective assistance of counsel only because his counsel "fail[ed] to recognize that[,] in order for defendant to plea[d] guilty to [C]lass A child

---

[2]  It is not clear the extent to which, if any, Streeter sought to challenge his ability to understand the trial proceedings in either his petition for post-conviction relief or this appeal. To the extent Streeter intended to argue those issues, his arguments are not supported by cogent reasoning and are, therefore, waived. See Ind. Appellate Rule 46(A)(8)(a).

molesting, there ha[d] to be evidence of <u>penetration</u>." Appellant's App. at 21 (emphasis original). Streeter's two arguments on appeal were not raised in his amended petition for post-conviction relief. Again, an issue not raised in a petition for post-conviction relief may not be raised for the first time on appeal. <u>Emerson</u>, 812 N.E.2d at 1098-99. Thus, Streeter's arguments are waived.

### Issue Four: Sentencing

Finally, Streeter argues that the trial court abused its discretion when it sentenced him to an enhanced sentence. As with Streeter's other arguments, this issue was not raised in his amended petition for post-conviction relief. Hence, he may not raise it on appeal in the first instance.[3] <u>Id.</u>

### Conclusion

In sum, we hold that the State has not shown that our motions panel erred as a matter of law when it determined that Streeter had timely filed his notice of appeal. However, none of Streeter's arguments on the merits were properly raised in his amended petition for post-conviction relief. As such, he has failed to preserve his arguments for appellate review, and we affirm the post-conviction court's denial of Streeter's petition for relief.

Affirmed.

BAILEY, J., and BARNES, J., concur.

---

[3] We need not consider whether this issue was available for Streeter to raise on direct appeal.

7