STATE OF INDIANA ON THE RELATION OF AAFCO HEATING AND AIR CONDITIONING COMPANY, INC. *v.* THE LAKE SUPERIOR COURT, ROOM TWO, SITTING AT EAST CHICAGO, INDIANA AND JOHN G. BARAN, JUDGE OF LAKE SUPERIOR COURT, ROOM TWO, SITTING AT EAST CHICAGO, INDIANA.

[No. 375S67. Filed June 4, 1975.]

*Marvin E. Silverman, Robert L. Neinzer, Jr.,* of East Chicago, for relator.

ARTERBURN, J.—Pursuant to Ind. R. O. A. (B-G), Relator filed a "Verified Petition for Writ of Mandate." After a hearing at which Respondent did not appear, we issued an alternative writ which read in pertinent part as follows;

"And the court having seen and examined said petition and being duly advised in the premises, finds that an alternative writ of mandate should issue as prayed in said petition.

It is, therefore, considered, ordered and adjudged by the Court that an alternative writ of mandate be issued by the Clerk of this Court commanding the Lake Superior Court, Room 2, sitting at East Chicago, Indiana and the Honorable John G. Baran, as Judge thereof to reinstate the money judgments which had been previously awarded in the follow causes:

Cause No. 273-763 entitled Aafco Heating & Air Conditioning Company, Inc. vs. William Henderson and Pearl Henderson

Cause No. 273-596 entitled Aafco Heating & Air Conditioning Company, Inc. vs. Mablean Cherry, Willie Cherry and James E. Cherry

Cause No. 273-594 entitled Aafco Heating & Air Conditioning Company, Inc. vs. Theodore Looney and Lurleen Looney

Cause No. 273-564 entitled Aafco Heating & Air Conditioning Company, Inc. vs. Edward Bondon and Mary L. Bondon

Cause No. 273-593 entitled Aafco Heating & Air Conditioning Company, Inc. vs. Paul L. Lucas, Sr. and Annie Lucas or, on failure so to do, that said respondent files his return showing any reason in law or in fact why this writ should not be made permanent, on or before the 1st day of April, 1975."

On March 27, 1975, Respondent filed "Respondent's Answer to Petition For Mandate."

In the five causes of action which are the subject of relator's petition the Respondent upon its own motion, and without notice to Relator and without a hearing thereon, set aside the judgments which it had previously entered. Respondent acted under authority purportedly granted by Ind. R. Tr. P. 60. That Rule provides in sub-division (A) for the correction of "clerical mistakes in judgments, orders or other parts of the record . . . by the court at any time on its own initiative or on the motion of any party. . . ." Sub-division (B) provides that a party *upon motion* may be relieved from a final

judgment for a variety of enumerated reasons. Sub-division (D) states that when ruling "upon a motion allowed by sub-division (B) the court shall hear any pertinent evidence, allow new parties to be served with summons, and allow discovery."

The actions of the trial judge in this case were not merely the correction of clerical errors encompassed by Ind. R. Tr. P. 60 (A), but rather effected the kind of relief provided by Ind. R. Tr. P. 60 (B). However, we think it is clear that Ind. R. Tr. P. 60 (B) does not authorize a trial judge to set aside a judgment absent a motion by a party. Further, if a motion under Ind. R. Tr. P. 60 (B) is made by a party, notice to the opposing party and a hearing thereon is required before an order may be issued.

Therefore, the alternative Writ of Mandate is hereby made permanent, and the Respondent is ordered to reinstate the money judgments which had been previously awarded in the following causes:

Cause No. 273-763 entitled Aafco Heating & Air Conditioning Company, Inc. vs. William Henderson and Pearl Henderson

Cause No. 273-596 entitled Aafco Heating & Air Conditioning Company, Inc. vs. Mablean Cherry, Willie Cherry and James E. Cherry

Cause No. 273-594 entitled Aafco Heating & Air Conditioning Company, Inc. vs. Theodore Looney and Lurleen Looney

Cause No. 273-564 entitled Aafco Heating & Air Conditioning Company, Inc. vs. Edward Bondon and Mary L. Bondon

Cause No. 273-593 entitled Aafco Heating & Air Conditioning Company, Inc. vs. Paul L. Lucas, Sr. and Annie Lucas.

All Justices concur.

NOTE.—Reported at 328 N.E.2d 733.