Arthur H. GEMMER,
Appellant–Defendant,

v.

Wallace G. DIEHL, Appellee–Plaintiff.

No. 2–1076A394.

Court of Appeals of Indiana,
Fourth District.

Oct. 8, 1980.

Rehearing Denied Nov. 10, 1980.

Frank E. Spencer, Arthur H. Gemmer, Indianapolis, for appellant–defendant.

Paul Hirsch, Indianapolis, for appellee–plaintiff.

MILLER, Judge.

Defendant-appellant, Arthur H. Gemmer appeals from a judgment for the plaintiff–appellee, Wallace G. Diehl, rendered in the Marion Superior Court, Room No. 2 on Diehl's complaint alleging Gemmer's failure to pay a promissory note for $11,500 executed in return for a loan from Diehl to Gemmer. After a trial to the bench, the lower court entered a judgment for Diehl awarding him $11,500 on the note plus interest accrued at 8% interest from October 1, 1971 and $950 for attorney's fees, a total of $16,387.

Essentially Gemmer claims that a dismissal of the case on its merits entered early in the cause was never appealed nor properly set aside and therefore the earlier judgment constituted res judicata and denied the court jurisdiction to proceed to trial and judgment against him.

We affirm.

Gemmer borrowed $11,500 from his then client Diehl and gave his promissory note for $11,500 on October 1, 1968. The due date of the note was October 1, 1971 and Gemmer was required and did pay 7% interest during the life of the note. When the note was not paid when due, attempts to settle the matter were made. Finally, on February 26, 1974 suit was brought in the Marion Superior Court, Room No. 2. Summons was issued to Gemmer by registered mail; however, the letter was not delivered and returned some few days later. Subsequently, on May 23, 1974, upon Diehl's motion, the court entered a default judgment against Gemmer providing for damages of $11,500, $1,380 interest and attorney's fees of $2,500 for a total default judgment against Gemmer of $15,380. When notice was given to Gemmer of a proceedings supplemental to execution, he filed, on June 11, 1974, a "Motion To Set Aside Default Judgment, Void For Lack of Jurisdiction and For Abuse of Process." In the Motion Gemmer pointed out that the summons was returned by the post office and not delivered. He claimed the attorney for Diehl had falsely represented that service was completed and asked the court to set aside the default judgment and order to appear at the proceedings supplemental. In addition, Gemmer alleged that he

"has never been served with process in this cause, and has a good and meritori-

ous and complete defense against the alleged promissory note sued upon, and that said note was completely paid off and replaced by a subsequent promissory note on October 1st, 1971, as both plaintiff and his attorney Paul Hirsch well knew and specifically knew."

This Trial Rule 60(B) motion was verified by Gemmer.

■ On July 8th, 1974, the Court entered the following order:

"COURT ORDER: SETTING ASIDE DEFAULT JUDGMENT FOR LACK OF JURISDICTION

Comes now the Court and counsel for defendant having filed their verified pleadings entitled 'Defendant's Motion To Set Aside Default Judgment for Lack of Jurisdiction, Based upon Misrepresentation and Abuse of Process by Plaintiff's Attorneys' which is in the following words and figures as follows: (H.I.)

And the Court having examined said verified motion and having checked the record and particularly the sheriff's return, and being thus duly advised in the premises, now finds that, as alleged in defendant's motion, there has never been any service of process upon defendant and that this Court lacks jurisdiction over the person and over the subject matter; that these facts of non–service were clearly and conclusively shown on May 23, 1974, when it was misrepresented to this Court by counsel for plaintiff that there had been service upon defendant, and that this Court was induced by said misrepresentation to erroneously enter a default judgment against defendant, which default judgment was accordingly void and should be set aside.

*And the Court further finds that defendant has alleged a good and sufficient defense under oath to the subject action on the subject promissory note, to–wit: that said note was paid off and replaced and nothing is due and owning [sic] thereon, and that both plaintiff and his counsel knew these facts when they filed* *this action, and accordingly the action should be dismissed.*

*IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED that the default judgment entered against the defendant on May 23, 1974, be and the same is hereby declared void and set aside, and a good and conclusive defense having been shown to the action, this action is dismissed, costs versus plaintiff."* (Emphasis added)

We must note at this point that we can find no basis for dismissing the action for the reasons given and at that stage in the proceeding. Such action was clearly erroneous. We know of no authority for dismissing a cause of action by judgment on the merits where, apparently, the action of the court is based on merely an assertion in a motion to set aside a default judgment that the defendant has a meritorious defense.

On July 12, 1974 Diehl filed two pleadings a Request For Admissions relating to the merits of the action and an Answer to Defendant's Motion To Set Aside The Default Judgment with a request for a hearing. The next entry indicates that on November 25, 1974 Diehl filed a Motion For Summary Judgment based on the fact that no response was filed by Gemmer to Diehl's Request for Admissions.

Thereafter, and notably more than 60 days after the July 8th "dismissal", Gemmer, on December 13, 1974 filed a document entitled "Information Calling Court's Attention To Pleadings Purportedly Filed in Disposed of Cause With Final Judgment." In this pleading Gemmer pointed out that the judgment had been previously dismissed and moved the court to strike and expunge Diehl's request for admissions and motion for summary judgment. On December 16, 1974 the court did, indeed, strike those pleadings as inappropriate because the case had been dismissed.

On January 13, 1975, after a new judge had assumed the bench of the Superior Court, Diehl filed a "Motion to Reinstate

Above Cause and Void Court Order of December 16, 1974." In this motion Diehl recited the history of the case noting that his original default judgment was inadvertently obtained in the belief that service had been perfected and the default judgment had been set aside on July 8, 1974. He stated that he moved for summary judgment believing that the default judgment had been set aside and the case was still pending before the court. Further, he claimed the court was "ill advised" by Gemmer that the matter had been disposed of by the court's judgment of July 8, 1974 in that the judgment merely set aside the default judgment and did not cause the entire action to be dismissed or otherwise disposed of by final judgment. Diehl requested a hearing and also asked the court to set aside its December 16 order striking his motion for summary judgment, and an order reinstating the cause. The next day, on January 14, 1975 the following order was entered by the court:

"Order of December 16, 1974 set aside, cause reinstated Motion set down for hearing."

On February 6, 1975 Gemmer filed his "Motion to Expunge Entries for Lack of Jurisdiction" claiming simply that the judgment entered on July 8, 1974 was a final judgment, no Motion to Correct Error had been filed within 60 days thereafter nor had an appeal been taken, and therefore the court was without jurisdiction to vacate or modify the final judgment which had dismissed the cause. Also on February 6, 1975 the court entered the following order: "the hearing heretofore set is continued to March 10, 1975 to allow counsel for parties to file memorandum of law."

On March 10, 1975 Diehl filed his "Memorandum In Support of Court's Order Reinstating Cause." This memorandum related some factual background indicating that Gemmer had represented Diehl in a condemnation action and, when the state deposited $11,500 with the court to enable it to enter onto the property, Gemmer borrowed the funds from Diehl.[1] It also revealed some of the later court proceedings. In his memorandum of law Diehl claimed that Ind. Rules of Procedure, Trial Rule 5(A) required that the court's order of July 8, 1974 should have been served upon him and that until such time as the order was served it was without effect in tolling the appeal period. (This was incorrect. Ind. Rules of Procedure Trial Rule 72(D) requires the clerk to give notice of a judgment but provides that failure to do so "does not affect the time to appeal.") The memorandum was verified by Diehl and accompanied by an affidavit from his attorney, Paul Hirsch, stating he had not received notice of the court order of July 8, 1974 and that he did not learn of that court order until December 16, 1974. Gemmer also filed a brief in support of his motion to expunge all of the court's entries subsequent to the July 8, 1974 dismissal on the basis that there was no appeal therefrom.

On July 1, 1975, the Judge overruled Gemmer's motion of February 6, 1975 which had requested the court to expunge the entries of January 13, 1975 (Diehl's Motion to Reinstate) and January 14, 1975 (the entry which had apparently reinstated the cause and further set the Motion to Reinstate for hearing).

Finally, and most significantly, on August 26, 1975 the court entered an order which found that the parties had a hearing on February 6, 1975 at which time oral

---

1. In urging his client to loan him a substantial amount of money (without security), Gemmer permitted his personal interests "to dilute his loyalty to his client." Code of Professional Responsibility, Canon 5, Ethical Consideration 5–1. See EC 5–2 and EC 5–3 which also admonish an attorney to avoid advising a client where his own interests may affect his judgment. See also, Disciplinary Rule 5–104 which provides:

"(A) A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure."

arguments were heard. The court also reviewed the proceedings noting that neither Diehl nor attorney Hirsch had notice of any hearing concerning the "good and conclusive defense of defendant Gemmer" which was the basis of the July 8, 1974 dismissal; noted that at the February 6, 1975 hearing the court heard oral argument from counsel of both parties and directed them to file their respective memoranda of law, and, finally, entered judgment that

> "the Court reaffirms its minute entry order setting aside the court order of December 16, 1974 and that this matter and cause is fully reinstated.
>
> THE COURT FURTHER ORDERS that the heretofore Court order dated July 8, 1974 is fully set aside and fully vacated."

The defendant Gemmer was ordered to file an answer or responsive pleading within 30 days.

Gemmer did not file an answer, however, and the court on October 8, 1975 entered a *sua sponte* order which noted that its order of August 26, 1975, by vacating the July 8, 1974 order in its entirety, left pending for ruling of the court the motion of Gemmer to set aside the default judgment against him entered on May 23, 1974. The court then granted the motion to set aside the default judgment and ordered Gemmer to file a responsive pleading within 15 days.

It is especially significant here to note that no Motion to Correct Errors or Ind. Rules of Procedure, Trial Rule 60(B) motion was filed to attack the August 26 judgment or its amendment of October 8, which reinstated the cause.

On December 1, 1975 Gemmer filed his answer. He stated therein that he was responding to the complaint without waiving his jurisdictional challenges and only in order to comply with the court's order. He raised the defense of res judicata claiming the July 8, 1974 final judgment dismissing the action was not appealed from and any future action with respect to the final judgment taken thereafter by the court was without jurisdiction and null and void. The second defense was payment, alleging the note was paid and canceled. His third defense was that of estoppel alleging that before bringing the action Diehl "by word and deed admitted and acknowledged that said promissory note had been paid and canceled." He supported this estoppel theory by alleging that his verified motion to set aside the default judgment claimed the note had been paid and that Diehl and his counsel failed to respond to that motion thereby admitting the verified allegation of payment pursuant to Ind. Rule of Procedure, Trial Rule 8(D). Further Gemmer claimed that by Diehl's failure to appeal the July 8, 1974 dismissal he admitted the truth of the finding and judgment of the court.

The case was thereafter tried before the court on the merits. Suffice it to say that Gemmer failed to produce credible evidence of either payment or a subsequent note to Diehl in support of his claim that the original note was paid. Accordingly the trial judge awarded judgment in favor of Diehl, as aforesaid, in the amount of $16,387.

## DECISION

We base our decision in this case primarily on the fact that the dismissal of the cause against Diehl was *effectively reinstated* by the trial court, after motion by Diehl, notice to Gemmer and later proceedings entitling both parties to be heard, all pursuant to Ind. Rules of Trial Procedure, Trial Rule 41(F) and Trial Rule 60(B).

Initially we note that where an action is dismissed with prejudice as was the apparent effect of the July 8, 1974 dismissal, T.R. 41(F) sets forth the procedure for reinstating the dismissed cause as follows:

> "Reinstatement of dismissal: For good cause shown and within a reasonable time the court may set aside dismissal without prejudice. *A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).* (Emphasis added)

*McCubbens v. O'Banion* (1977), Ind.App., 361 N.E.2d 191; *Hooker v. Terre Haute Gas Corp.* (1974), 162 Ind.App. 43, 317 N.E.2d 878.

With this rule in mind we return to the facts before us. On January 13, 1975 Diehl filed his motion to reinstate the cause acknowledging that he had inadvertently obtained a default judgment against the defendant and pointing out to the court that Gemmer had filed a motion to vacate said default judgment on the basis that service had not in fact been perfected and that the court granted such motion on July 8, 1974. The motion further indicated that subsequent action by Diehl, including a motion for summary judgment was taken in the belief that the default judgment had been set aside and the case was still before the court. The motion also suggested the court was ill-advised in striking Diehl's later actions because the July 8, 1974 judgment merely set aside the default judgment and did not cause the action to be dismissed or otherwise disposed of by final judgment. Diehl further asked for an immediate hearing on the matter. The following day, the court entered an order "cause reinstated Motion set down for hearing." This entry is somewhat ambiguous. If the court was reinstating the cause and thereby granting relief to Diehl without the opportunity for a hearing or a response, it was improper. *State ex rel. AAFCO Heating and Air Conditioning Co., Inc. v. Lake Superior Court,* (1975) 263 Ind. 233, 328 N.E.2d 733. However, in light of subsequent events we can ignore this apparent irregularity. The record discloses that on February 6, 1975 the parties appeared and Gemmer filed a motion to expunge the January 13th and 14th entries claiming the court lacked jurisdiction because the original dismissal had not been appealed. The hearing was continued to March 10, 1975 to allow counsel to file memoranda of law. As noted before, Diehl filed his memorandum pointing out that Gemmer's original motion to set aside the default judgment was directed solely to the default judgment and for no other purpose. Further, without hearing, the entire cause was dismissed on its merits. Neither Diehl nor his attorney Paul Hirsch were notified of the dismissal and neither received any notice of the dismissal until about December 16, 1974. Diehl verified the foregoing facts and Hirsch filed his affidavit stating he had never been served with a dismissal order and that he did not learn of it until about December 16, 1974.

Gemmer's brief maintained the dismissal was a final judgment not appealed from, and that judgment of dismissal was not under attack in the proceeding by any motion filed for that purpose.

On August 26, 1975 the court did in fact reinstate the cause. It made findings supported by the record as to the proceedings up to that point noting that the file did not reflect that either Diehl or Hirsch had notice of any hearing concerning the "good and conclusive defense" which defendant Gemmer had alleged existed in his motion to set aside the judgment. He further noted that the record did not disclose whether notice of the dismissal was provided either to Diehl or Hirsch. By its judgment of August 26, 1975 the court fully set aside and vacated the July 28, 1974 judgment of dismissal thereby reinstating the cause. Subsequent to that date on October 8, 1975 the court by entry noted that when he vacated the entire entry of July 8, 1974 he effectively set aside the ruling granting Gemmer's motion to set aside the default judgment. He therefore ordered that the default judgment against Gemmer be set aside and vacated.

Gemmer took no action challenging the August 26 judgment or its amendment on October 8. He filed no motion to correct errors.

We believe T.R. 60(B) conferred upon the trial court the authority to grant Diehl relief from the judgment of dismissal and reinstate the cause. In so holding, we are cognizant of *State ex rel. AAFCO Heating and Air Conditioning Co., Inc. v. The Lake Superior Court, supra* wherein the trial judge upon his own motion, without notice to the successful plaintiff and without a hearing thereon set aside five judgments he had previously entered. These acts were done under the authority purportedly granted by T.R. 60. In a mandate action our Supreme Court ordered the trial court to reinstate all five money judgments stating:

"That Rule [T.R. 60] provides in sub–division (A) for the correction of 'clerical mistakes in judgments, orders or other parts of the record ... by the court at any time on its own initiative or on the motion of any party....' Sub–division (B) provides that a party *upon motion* may be relieved from a final judgment for a variety of enumerated reasons. Subdivision (D) states that when ruling 'upon a motion allowed by sub–division (B) the court shall hear any pertinent evidence, allow new parties to be served with summons, and allow discovery."

The actions of the trial judge in this case were not merely correction of clerical errors encompassed by Ind.R.Tr.P. 60(A), but rather effected the kind of relief provided by Ind.R.Tr.P. 60(B). However, we think it is clear that Ind.R.Tr.P. 60(B) does not authorize a trial judge to set aside a judgment absent a motion by a party. Further, if a motion under Ind.R.Tr.P. 60(B) is made by a party, notice to the opposing party and a hearing thereon is required before an order may be issued.

Therefore, the alternative Writ of Mandate is hereby made permanent, and the Respondent is ordered to reinstate the money judgments which had been previously awarded...." *Id.* at 234–35, 328 N.E.2d at 734.

*AAFCO* is clearly distinguishable from the case before us. Here, Diehl filed a motion to reinstate the cause. The following day, the court made an entry that the cause was reinstated and set the motion for hearing. That portion of the entry stating the cause was "reinstated" was void. However, shortly thereafter a hearing was held on February 6, 1975 on the motion. The parties were permitted to file memoranda in support of their positions and affidavits were presented by Diehl and his attorney Paul Hirsch supporting their position of mistake, surprise or excusable neglect. T.R. 60(B)(1). The judgment reinstating the cause was not entered until almost 6 months after the initial February 6 hearing. Thus, unlike *AAFCO* there was a motion by Diehl to reinstate the cause; Gemmer unquestionably had notice of the proceedings; there was at least one hearing thereon and, significantly, Gemmer had sufficient opportunity to oppose Diehl's motion either on the merits or for procedural defects.

We further believe that the trial court had ample evidence to support its reinstatement of the cause. The July 8, 1974 dismissal was apparently entered by the court on its own motion without notice to Diehl or his counsel. The proceeding before it at the time was a motion to set aside a default judgment. Since the judgment of dismissal was not formally sent to Diehl or his counsel according to the record before the court and, further, considering the bizarre manner in which the trial judge dismissed the cause, we feel Diehl's claim of surprise, mistake or excusable neglect was well taken. There was no abuse of discretion here.[2]

Even were we to hold that the trial court acted erroneously in reinstating the cause, we must find that Gemmer has failed to preserve any error in the court's action by his failure to appeal therefrom. T.R. 60(C) provides as follows:

"(C) Appeal—Change of venue. A ruling or order of the court denying or granting relief, in whole or in part by motion under subdivision (B) of this rule shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment...."

*See Stewart v. Hicks* (1979), Ind.App., 395 N.E.2d 308.

Thus we find that the trial court did not abuse its discretion in reinstating this cause based on the state of the record. Further we find that Gemmer did not preserve any

---

**2.** In the recent case of *Grecco v. Campbell* (1979), Ind.App., 386 N.E. 960, 961, Judge Staton noted:

"There are no fixed rules for determining what facts and circumstances do constitute excusable neglect. That determination is, instead, one addressed to the trial court's discretion. *Soft Water Utilities, Inc. v. LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745. Accordingly, our scope of review is limited to the question of whether or not the trial court abused its discretion."

error by failing to appeal from such reinstatement. Our conclusion answers all of the claimed errors raised by Gemmer's post–judgment motions, that is, his T.R. 60 motion [3] and his first motion to correct errors (filed within 60 days of judgment). These motions were based solely on the fact that the original dismissal of the cause had neither been properly appealed nor set aside thus depriving the trial court of jurisdiction to hear the case on its merits. The cause was reinstated, the July 8, 1974 dismissal was not res judicata and the court had jurisdiction to proceed.

The judgment is affirmed.

CHIPMAN, J., and YOUNG, P. J., concur.

---

**3.** This T.R. 60 motion was mislabeled. "Pleadings are to be examined and treated as to their content rather than their captions." *McQueen v. State* (1979) Ind., 396 N.E.2d 903, 904. The motion raised only alleged errors occurring prior to judgment which errors are properly included in a T.R. 59 motion to correct errors. Thus, we would be permitted to disregard the later motion to correct errors.

However, since both motions raised essentially the same errors it is not necessary to discuss the abuse of our trial rules by means of filing multiple post–judgment motions. An appeal was properly perfected from the overruling of the "T.R. 60 motion."