Daniel E. CORNELIUS, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 14A01–9012–PC–515.

Court of Appeals of Indiana,
First District.

July 16, 1991.

Transfer Denied Sept. 20, 1991.

Susan K. Carpenter, Public Defender, Richard Denning, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

BAKER, Judge.

This appeal presents us with the narrow question of whether a motion under Ind.Trial Rule 60(B) may be used to circumvent the procedural requirements for second and successive petitions for post-conviction relief contained in Ind.Post–Conviction Rule 1, § 12. We hold that it may not, and therefore affirm.

PROCEDURAL POSTURE

On February 20, 1980, the appellant, Daniel Cornelius, was sentenced to 20 years imprisonment for his conviction of one count of attempted rape [1] and two counts of criminal confinement.[2] Our supreme court affirmed his convictions on

---

1.  IND.CODE 35–42–4–1; IND.CODE 35–41–5–1.

2.  IND.CODE 35–42–3–3.

direct appeal in *Cornelius v. State* (1981), Ind., 425 N.E.2d 616. He later filed a *pro se* petition for post conviction relief (PC I), alleging ineffective assistance of appellate counsel. The petition was denied and this court affirmed that denial in *Cornelius v. State* (filed Nov. 29, 1989), Ind.App. No. 14A01–8906–PC–00192, a memorandum decision listed at 547 N.E.2d 306.

Three months after this court's decision, on February 28, 1990, Cornelius filed his second *pro se* petition for post-conviction relief (PC II). The petition alleged trial court error in the giving of jury instructions outside Cornelius's presence, and ineffective assistance of trial counsel.[3] Cornelius failed to include with his petition the FORM FOR SUCCESSIVE POST–CONVICTION RELIEF RULE 1 PETITIONS as required by P–C.R. 1, § 12(a). The trial court summarily denied the petition on *res judicata* and waiver grounds. Cornelius then moved for appointment of the State Public Defender as appellate counsel and, upon appointment, the Deputy Public Defender filed a motion for relief from judgment under T.R. 60(B).

The motion alleged Cornelius failed to include the P–C.R. 1, § 12(a) form because Cornelius was in solitary confinement and was unaware of the new requirements of P–C.R. 1, § 12(a), which became effective on January 1, 1990. The motion also contained the Deputy Public Defender's affidavit alleging the existence of ineffective assistance of trial counsel and two grounds for relief Cornelius had not previously pleaded. The trial court denied the motion, and Cornelius now appeals, claiming he was entitled to a hearing on the motion.

## DECISION

■ The remedy Cornelius seeks is not designed to cure the ill of which he complains. PC II alleged one ground for relief which was available on direct appeal (jury

instructions) and another which was available in PC I (ineffective assistance of counsel, which was not available on direct appeal because, as noted in footnote 3, *supra*, trial and appellate counsel were the same person). Issues which were available but not raised in prior proceedings are waived. *Golden v. State* (1990), Ind.App., 553 N.E.2d 1219, 1222, n. 5, *trans. denied.* Accordingly, the trial court was within its discretion to deny the petition summarily. Ind.Post–Conviction Rule 1, § 4(f); *Long v. State* (1991), Ind.App., 570 N.E.2d 1316. At that point, the Deputy Public Defender entered his appearance, and, after reviewing the file, he had two proper alternatives from which to choose: 1) appeal the denial of relief, or 2) initiate PC III.[4] That counsel chose instead to file a motion under Ind.T.R. 60(B) was a clever attempt, but it is beyond the tolerance of the overburdened post-conviction system.

T.R. 60(B)(1) allows the movant to obtain relief from a judgment upon a showing of "[m]istake, surprise, or excusable neglect." T.R. 60(B)(1). Our case law makes clear the movant must also show a meritorious defense to the judgment. *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892. Cornelius's motion asserts his incarceration in solitary confinement, which precluded his access to the prison law library, excuses his failure to append a P–C.R. 1, § 12(a) form to PC II. The motion also contains the affidavit of the Deputy Public Defender stating the grounds which allegedly constitute a meritorious defense. This is where the attempt enters the scene.

■ Ind.Trial Rule 60(D) requires trial courts to hold a hearing on any pertinent evidence before granting relief. *See State ex rel. AAFCO Heating and Air Conditioning Co., Inc. v. Lake Superior Court* (1975), 263 Ind. 233, 328 N.E.2d 733.[5] Ac-

---

**3.** We note that the same attorney represented Cornelius at trial and on direct appeal. *Record* at 8.

**4.** If counsel had become involved prior to the trial court's judgment, the appropriate course of action would have been to file an amended petition under Ind. Post–Conviction Rule 1,

§ 4(c), but the right to amend terminates upon entry of judgment, so amendment was impossible in this case.

**5.** A hearing is not required if there is no pertinent evidence because, in such a case, a hearing would be futile. *Public Serv. Comm. v. Schaller*

cordingly, to grant Cornelius's motion, the trial court would have been required to hold a hearing to determine whether Cornelius had shown excusable neglect and a meritorious defense. Such a hearing, by definition, would have been in contravention of P–C.R. 1, § 12(a) and, therefore, would have been improper.

The P–C.R. 1, § 12(a) form requires petitioners to answer two pivotal questions regarding *res judicata* and waiver. First, the petitioner must state why any grounds for relief alleged and adjudicated adversely to the petitioner in PC I are entitled to consideration in PC II. Second, the petitioner must state why any grounds not alleged in PC I are being alleged in PC II. If the petitioner does not answer these questions adequately, the petition is subject to dismissal. Ind.Post–Conviction Rule 1, § 12(b).

By filing a T.R. 60(B) motion without first filing a P–C.R. 1, § 12(a) form, the petitioner may get lucky and receive a T.R. 60(D) hearing without having answered the critical questions just discussed. This means that if the issues raised in PC II are indeed *res judicata* or waived, the petitioner who receives a T.R. 60(D) hearing on a T.R. 60(B) motion will have successfully circumvented the requirements of P–C.R. 1, § 12(a) and (b). The petitioner will thereby place issues, which ought rightly to have been decided on *res judicata* or waiver grounds, in front of the trial judge for resolution on the merits.

T.R. 60 is not to be used as a tool to abuse the post-conviction process. The correct procedure in a case such as this is to initiate PC III by filing a new petition for post-conviction relief accompanied by a proper P–C.R. 1, § 12(a) form.

The judgment of the trial court is affirmed.

ROBERTSON and BUCHANAN, JJ., concur.

(1973), 157 Ind.App. 125, 133–34, 299 N.E.2d 625, 630.