**Granville RADFORD, Appellant–Petitioner,**

**v.**

**STATE of Indiana, Appellee–Respondent.**

**No. 49A02–9106–PC–269.[1]**

Court of Appeals of Indiana, First District.

March 18, 1992.

Transfer Denied May 7, 1992.

Brent Westerfeld, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

BAKER, Judge.

This appeal calls on us to revisit the principles announced in *Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20, *trans. denied* discussing the applicability of Ind. Trial Rule 60(B) motions for relief from judgment in the post-conviction relief setting. We hold T.R. 60 proceedings cannot be used to circumvent our supreme court's decision in *Baum v. State*, (1989), Ind., 533 N.E.2d 1200, and therefore affirm the denial of relief to petitioner-appellant Granville Radford.

### PROCEDURAL POSTURE

Radford was convicted of robbery in 1977 under now repealed IND.CODE 35–13–4–6 and sentenced to a term of 10 to 25 years' imprisonment. His conviction and sentence were affirmed by this court in a memorandum decision on January 29, 1980. On February 15, 1987, Radford initiated this post-conviction proceeding, alleging ineffectiveness of trial and appellate counsel. The post-conviction court found appellate counsel was effective, that Radford had waived any claim of ineffectiveness of trial counsel, and that, even if the issue of inef-

1. This case was diverted from the Second Dis-    trict by direction of the Chief Judge on 2–17–92.

fectiveness of trial counsel had not been waived, trial counsel was not ineffective.

Radford timely filed his praecipe and record of proceedings, but during the pendency of the appeal, the Deputy State Public Defender withdrew and Radford's present counsel entered an appearance as outside counsel at the request of the State Public Defender. Radford then sought and received leave of this court to pursue relief from judgment in the post-conviction court under T.R. 60(B). In his T.R. 60(B) motion, Radford claimed his post-conviction counsel was ineffective for failing to claim fundamental error in jury instructions which allegedly failed to advise the jury on the proper *mens rea* requirement for conviction under the old robbery statute. The post-conviction court found the jury was adequately advised and that post-conviction counsel was not ineffective. Radford now appeals.

## DISCUSSION AND DECISION

In *Cornelius, supra,* we held post-conviction relief petitioners could not use T.R. 60 proceedings to circumvent the *res judicata* and waiver provisions of Ind. Post-Conviction Rule 1, § 12. Radford now seeks to use his T.R. 60(B) motion to avoid the effect of our supreme court's holding in *Baum v. State* (1989), Ind., 533 N.E.2d 1200. In *Baum,* the court laid down the rule that the "rigorous standard [of counsel's performance] set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674" does not apply in post-conviction proceedings because the right to counsel in those proceedings is guaranteed by neither the United States nor the Indiana Constitution. *Id.* at 1201. Rather, if counsel appears and represents a petitioner in a procedurally fair setting which leads to a judgment against the petitioner, the petitioner has no claim for ineffectiveness of post-conviction counsel. *Id.*

Subsequently, in *Waters v. State* (1991), Ind., 574 N.E.2d 911, the court found the appellant's post-conviction counsel had abandoned the appellant during the proceedings before the post-conviction court. The court held counsel's actions fell below the *Baum* standard and therefore reversed and remanded for further proceedings. Radford makes no allegation here which would bring his case within the ambit of *Waters.*

Instead, Radford, in accord with standard T.R. 60(B) procedure, argued his post-conviction counsel's failure to attack the jury instructions was a mistake borne of inexperience, and then offered the jury instructions and supporting argument as a meritorious defense to the post-conviction court's judgment. *See Cornelius, supra,* at 21. By raising these allegations in his T.R. 60(B) motion, Radford was mounting a challenge to his post-conviction counsel's effectiveness. This he could not do.

Except as stated in *Baum* and applied in *Waters, supra,* the review Radford seeks is unavailable in either an appeal from a denial of post-conviction relief, as in *Waters,* or in a subsequent post-conviction relief petition, as in *Baum.* "T.R. 60 is not to be used as a tool to abuse the post-conviction process." *Cornelius, supra,* at 22. Accordingly, we hold post-conviction relief petitioners who employ T.R. 60(B) motions to raise claims of error by their post-conviction counsel are subject to the *Baum* standard to the same extent as those petitioners who do not couch their challenges within T.R. 60(B) motions.

Unlike the petitioner in *Waters,* Radford did not attempt to show his post-conviction counsel violated the *Baum* standard by failing to appear and represent him in a procedurally fair setting. The denial of the motion for relief from judgment is therefore affirmed.

ROBERTSON and HOFFMAN, JJ., concur.