**HOOSIER HEALTH SYSTEMS, INC., d/b/a Canterbury Village Nursing Home, Appellant–Defendant,**

v.

**ST. FRANCIS HOSPITAL & HEALTH CENTERS, Appellee–Plaintiff.**

No. 49A04–0302–CV–60.

Court of Appeals of Indiana.

Sept. 30, 2003.

Thomas A. Brodnik, Marjorie A. Millman, Stark, Doninger & Smith, Indianapolis, IN, Attorneys for Appellant.

Arend J. Abel, Katherine E. Taylor, Leagre, Chandler & Millard, LLP, Alan S. Townsend, Bose, McKinney & Evans LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Hoosier Health Systems, Inc., d/b/a Canterbury Village Nursing Home ("Hoosier Health") appeals an order reinstating a complaint for payment for services rendered filed by Appellee–Plaintiff St. Francis Hospital and Health Centers ("St. Francis"). We reverse and remand for a hearing.

### Issue

Hoosier Health presents a single issue, which we restate as: whether the trial court abused its discretion by reinstating the complaint absent compliance with the requirements of Indiana Trial Rule 60(B) and (D).

### Facts and Procedural History

On June 19, 1998, a fire occurred at the Hoosier Health facility known as Canterbury Village Nursing Home. Indianapolis Fire Department firefighters transported seventeen patients to St. Francis facilities. On August 17, 1999, St. Francis filed its "Complaint for Services Rendered" against Hoosier Health, alleging that Hoosier Health had failed to pay for medical services and housing provided to those Hoosier Health patients. (App. 8.) St. Francis sought payment of $74,334.46.

On March 3, 2000, Hoosier Health moved for summary judgment. On April 28, 2000, the trial court denied the motion for summary judgment. On April 13, 2001, Hoosier Health filed a Notice of Automatic Stay, pursuant to 11 U.S.C. § 362(a), advising the trial court that an involuntary bankruptcy petition had been filed against Hoosier Health in the United States Bankruptcy Court for the Southern District of Indiana. On August 6, 2001, Hoosier Health notified the trial court and St. Francis that the involuntary bankruptcy petition was dismissed on August 1, 2001. On November 13, 2001, the trial court notified St. Francis that its complaint would be dismissed unless St. Francis appeared at a hearing on December 13, 2001 and sufficient cause was shown to avoid Indiana Trial Rule 41(E) dismissal for failure to prosecute. St. Francis did not appear.

On December 26, 2001, the trial court dismissed St. Francis's complaint for failure to prosecute. On March 14, 2002, St. Francis moved for the appointment of a mediation panel, which the trial court denied due to the prior dismissal. On April 10, 2002, St. Francis moved for reinstatement of its claim. The trial court granted the motion on the following day, without a hearing.[1] On August 12, 2002, the trial court notified St. Francis that its complaint would be dismissed unless St. Francis appeared at a hearing on September 19, 2002 and sufficient cause was shown to avoid T.R. 41(E) dismissal for failure to prosecute. St. Francis did not appear. On September 26, 2002, the trial court again dismissed St. Francis's complaint.

On January 22, 2003, St. Francis filed a Motion to Reinstate, averring as follows:

1. On September 18, 2002, the Plaintiff filed its Motion to Remove from the Call of Dockett. [sic]

2. That the court has informed the Plaintiff that it did not receive the Motion to Remove from the Call of Dockett. [sic]

3. That on September 26, 2002, the Court dismissed this claim for fail-

---

1. The trial court made no specific finding of excusable neglect or a meritorious claim.

ure of the Plaintiff to prosecute its action.

4. That the Plaintiff wishes to proceed with its Trial.

5. That the Plaintiff's claim remains unresolved and unpaid and the Court should reinstate this litigation in order that the Plaintiff may pursue its remedy.

(App. 33.) On January 23, 2003, Hoosier Health filed its Objection to Motion to Reinstate. On January 24, 2003, the trial court ordered the cause of action reinstated. Hoosier Health now appeals.

### Discussion and Decision

Hoosier Health contends that St. Francis's second motion for reinstatement does not present a proper claim for relief under T.R. 60(B) because it does not allege that St. Francis has a meritorious claim or defense. Further, Hoosier Health argues that relief could not properly be granted without the hearing contemplated by T.R. 60(D). St. Francis responds that the trial court was able to ascertain, without hearing or reference to the specific subsection of T.R. 60(B) upon which St. Francis relied that: (1) it has a meritorious claim; (2) attorney neglect allowed the second dismissal; and (3) the neglect was excusable.

St. Francis's complaint was dismissed pursuant to T.R. 41(E), which provides:

Failure to prosecute civil actions or comply with rules. Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

■ Reinstatement following dismissal is governed by subsection (F), which provides:

For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).

A dismissal for failure to prosecute pursuant to T.R. 41(E) is a dismissal with prejudice unless the trial court provides otherwise. *Indiana Ins. Co. v. Ins. Co. of No. Am.*, 734 N.E.2d 276, 278 (Ind.Ct.App. 2000). Consequently, a motion made under T.R. 41(F) to reinstate a cause after a dismissal must be made under T.R. 60(B). *Id.*

■ A motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, circumscribed by the eight categories listed in T.R. 60(B). *Id.* T.R. 60(B) provides in pertinent part:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error . . .

(3) fraud . . .

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowl-

edge of the action and judgment, order or proceedings;

(5) except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative, and if the motion asserts and such party proves that (a) at the time of the action he was an infant or incompetent person ...

(6) the judgment is void;

(7) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4). . . .

A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

The averments of St. Francis's second motion to reinstate do not concern a T.R. 60(B) subsection other than those that require an allegation of a meritorious claim or defense.[2] Thus, the initial question to be resolved is whether St. Francis's motion fatally omitted the allegation that it has a meritorious claim against Hoosier Health.

■ T.R. 60(B) requires that a motion premised on subsections (1), (2), (3), (4) or (8) "allege a meritorious claim or defense." Hoosier Health claims that St. Francis's motion is fatally deficient in this regard. However, Paragraph 5 of the motion to reinstate contained the following averment: "That the Plaintiff's claim remains unresolved and unpaid and the Court should reinstate this litigation in order that the Plaintiff may pursue its remedy." (App. 33.) Where the purpose of a rule is satisfied, this Court will not elevate form over substance. *French v. State*, 754 N.E.2d 9, 15 (Ind.Ct.App.2001). Although St. Francis did not explicitly incorporate in its motion the "meritorious claim" language of T.R. 60(B), we are satisfied that the language of Paragraph 5 adequately advised the trial court, which had previously reviewed the pleadings and summary judgment materials, that St. Francis alleged it has a meritorious claim for payment.

■ We next consider whether the trial court's summary reinstatement of St. Francis's claim without a hearing was improper.

T.R. 60(D) provides as follows:

Hearing and relief granted. In passing upon a motion allowed by subdivision (B) of this rule the court *shall* hear any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise as permitted by subdivision (B) of this rule.

(Emphasis added.) Thus, the plain language of the foregoing subdivision requires a hearing. *See also State ex rel. AAFCO Heating and Air Conditioning Co., Inc. v. Lake Superior Court*, 263 Ind. 233, 235, 328 N.E.2d 733, 734 (1975) (holding that a grant of a T.R. 60(B) motion requires notice to the opposing party and a hearing). St. Francis claims that the trial court properly dispensed with the hearing requirement in this instance because there is no "pertinent evidence" to be heard. We disagree.

■ Under T.R. 60(B), the burden is upon the movant to establish grounds for relief. *Indiana Ins. Co.*, 734 N.E.2d at

---

**2.** In fact, St. Francis's motion to reinstate does not specifically reference any reason under T.R. 60(B) upon which it should be afforded relief from the dismissal of its claim.

279. The rule is meant to afford relief from circumstances that could not have been discovered during the period a motion to correct error could have been filed. *Id.* In ruling on a T.R. 60(B) motion, the trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and societal interest in the finality of litigation. *Id.* at 278–79. To this end, T.R. 60(D) requires a hearing at which pertinent evidence is to be presented.

The averments of the Motion to Reinstate and the averments of the Objection to Motion to Reinstate (with an accompanying Affidavit) did not obviate the necessity of a hearing, in light of the mandatory language of T.R. 60(D). Pursuant to this rule, the trial court *shall* hear pertinent evidence of excusable neglect or the existence of a meritorious claim.

St. Francis concedes that its difficulties in the prosecution of its claim were due to its own attorney's neglect, and St. Francis has retained new counsel. However, no evidence has been presented to the trial court that such neglect was "excusable" as contemplated by T.R. 60(B)(1). Although St. Francis alleged the existence of a meritorious claim, sufficient to withstand summary dismissal of its T.R. 60(B) motion, the existence of a meritorious claim has not been established. The claim against Hoosier Health was reinstated without requiring St. Francis to satisfy its burden of proof, or affording Hoosier Health an opportunity to be heard. In light of the contravention of T.R. 60(B) and (D) requirements, we reverse the order of reinstatement and remand for a hearing.

Reversed and remanded for hearing.

KIRSCH, J., and VAIDIK, J., concur.