## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2015, 8:33 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| Shawn T. Olsen | Jonathan P. Sturgill |
| OlsenCampbell Ltd. | Blitt & Gaines, P.C. |
| Merrillville, Indiana | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Kevin L. Martin, | June 29, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 64A04-1502-CC-64 |
| v. | Appeal from the Porter Superior Court |
| Discover Bank, | The Honorable William E. Alexa, Judge |
| *Appellee-Plaintiff* | Case No. 64D02-1308-CC-7290 |

**Crone, Judge.**

## Case Summary

Kevin L. Martin appeals a trial court order granting Discover Bank's ("the Bank") motion for relief from judgment. He contends that the trial court erred in ruling on the Bank's motion without first holding a hearing. Finding that

Indiana Trial Rule 60(D) requires the trial court to hold a hearing before ruling on a motion for relief from judgment, we reverse and remand.

# Facts and Procedural History

In August 2013, the Bank filed a complaint against Martin alleging an overdue credit card balance of $15,071.18. In his answer, Martin denied the allegations and claimed that the Bank was not the proper party-plaintiff under Indiana Trial Rule 17(A).[1]

On January 6, 2014, Martin served the Bank with discovery requests. These included requests for admissions, with responses due no later than February 10, 2014. The Bank did not respond to any of the discovery requests, and on August 20, 2014, Martin sent a letter to the Bank's counsel indicating that the requests for admission were effectively deemed admitted pursuant to Indiana Trial Rule 36(A)[2] and that Martin intended to move forward with motions to dispose of the action. The Bank did not respond to Martin's letter.

On September 11, 2014, Martin filed a motion for summary judgment with designated evidence and affidavits. The Bank did not file a memorandum or

---

[1] Indiana Trial Rule 17(A) states in part, "Every action shall be prosecuted in the name of the real party in interest."

[2] Indiana Trial Rule 36(A) governs requests for admissions and responses/objections to them. The rule states that each requested matter must be separately set forth and that the "matter is admitted unless, within a period designated in the request, not less than thirty (30) days after service thereof … the party to whom the request is directed serves upon the party requesting the admission a written answer or objection …." *Id*.

designate any materials in opposition. On October 29, 2014, Martin requested a ruling on his motion, and the trial court granted summary judgment in his favor the following day. The Bank did not file an appeal.

[5] On January 16, 2015, the Bank filed a motion for relief from judgment under Indiana Trial Rule 60(B),[3] admitting that it had not responded to discovery requests and claiming a meritorious defense and excusable neglect based on a miscommunication between its counsel's Indianapolis and Chicago offices. The Bank also sought to reopen discovery. That same day, without a hearing, the trial court granted the Bank's motion, thereby vacating its October 2014 summary judgment order and reopening discovery. Martin now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

[6] Martin maintains that the trial court erred in summarily granting the Bank's motion for relief from the October 2014 summary judgment order and reopening discovery. Indiana Trial Rule 60(B) provides a mechanism for obtaining relief from judgment under certain limited circumstances, and the burden is on the movant to establish grounds for such relief. *Indiana Ins. Co. v.*

---

[3] Although the Bank's motion was titled a "motion to set aside default judgment," the surrounding facts indicate that it was in substance a Trial Rule 60(B) motion for relief from summary judgment. *See* Ind. Trial Rule 55(C) ("A judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B).").

*Ins. Co. of N. Am.*, 734 N.E.2d 276, 279 (Ind. Ct. App. 2000), *trans. denied* (2001). Trial Rule 60(B) states in pertinent part,

> (B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> > (1) mistake, surprise, or excusable neglect;
> >
> > (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
> >
> > …. or
> >
> > (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).
>
> …. A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

[7] When reviewing a trial court's ruling on a Trial Rule 60(B) motion, we apply an abuse of discretion standard. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law or disregarded evidence of factors listed in the controlling statute. *Love v. Love*, 10 N.E.3d 1005, 1012 (Ind. Ct. App. 2014). Here, we are not reviewing the merits

of the trial court's ruling, that is, whether the Bank had a meritorious defense.[4] Instead, we are asked to review the trial court's decision to rule on the Bank's Trial Rule 60(B) motion without first conducting a hearing, and in so doing, we look to the plain language of the rule. *Dreyer & Reinbold, Inc. v. AutoXchange.com, Inc.*, 771 N.E.2d 764, 767 (Ind. Ct. App. 2002), *trans. denied*. Trial Rule 60(D) states,

> (D) Hearing and relief granted. In passing upon a motion allowed by subdivision (B) of this rule the court *shall hear* any pertinent evidence, allow new parties to be served with summons, allow discovery, grant relief as provided under Rule 59 or otherwise as permitted by subdivision (B) of this rule.

(Emphasis added.)

[8] Subdivision (D) is unambiguous in its language requiring the trial court to hold a hearing before ruling on a motion for relief from judgment. Our supreme court has interpreted its language as mandatory, not discretionary, holding that when a party files a Rule 60(B) motion, "notice to the opposing party and a hearing thereon is required before an order may be issued." *State ex rel. Aafco Heating & Air Conditioning Co. v. Lake Superior Court*, 263 Ind. 233, 235, 328 N.E.2d 733, 734 (1975).

---

[4] Martin also challenges the sufficiency of the evidence to support an order for relief from judgment under Indiana Trial Rule 60(B). Because we hold that the trial rule mandates a hearing on the motion to examine its merits based on the evidence presented by both parties, we refrain from issuing an advisory opinion on the merits.

[9] Here, the chronological case summary ("CCS") indicates that the Bank filed its Rule 60(B) motion on January 16, 2015, and that the trial court granted the Bank's motion on the same date without a hearing.[5] Appellant's App. at 4. As such, neither the Bank nor Martin presented any evidence. In fact, due to the rapidity of the trial court's ruling, Martin was not even afforded time to file a written response in opposition. *Id.*; *see also id.* at 51-53 (indicating that Martin submitted written motion in opposition filed January 22, 2015 and entered into CCS on January 29, 2015).

[10] In short, Indiana Trial Rule 60(D) does not give the trial court discretion to dispense with a hearing before ruling on a Trial Rule 60(B) motion. Rather, the rule mandates such a hearing, and the trial court abused its discretion in not conducting one before ruling on the Bank's motion. As such, we reverse its order vacating summary judgment and reopening discovery and remand for a hearing on the Bank's proffered excuses for failing to respond to Martin's discovery and motion for summary judgment and to afford Martin the opportunity to present evidence in opposition to the Bank's allegations of excusable neglect as outlined in its Trial Rule 60(B) motion.

[11] Reversed and remanded.

Brown, J., and Pyle, J., concur.

---

[5] Neither the Bank's January 16, 2015 motion nor the trial court's same-day ruling on it was entered into the CCS until January 23, 2015. Appellant's App. at 4.