## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 28 2017, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Kenneth Robinson
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Robinson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 28, 2017

Court of Appeals Case No.
45A04-1612-CR-2871

Appeal from the Lake Superior
Court

The Honorable Diane Ross
Boswell, Judge

Trial Court Cause Nos.
45G03-7801-CR-19
45G03-7801-CR-20

**Pyle, Judge.**

# Statement of the Case

Kenneth Robinson ("Robinson") appeals the post-conviction court's denial of his Trial Rule 60(B) motion requesting relief from the court's October 24, 2016 judgment, which dismissed Robinson's post-conviction relief petition. Because Robinson's October 2016 petition was an unauthorized successive petition, the post-conviction court did not err in dismissing it. Accordingly, the post-conviction court did not err in denying Robinson's motion requesting relief from the dismissal. We therefore affirm the judgment of the trial court.

We affirm.

# Issue

Whether the post-conviction court abused its discretion in denying Robinson's Trial Rule 60(B) motion requesting relief from the dismissal of his 2016 post-conviction petition.

# Facts

In 1978, Robinson pled guilty to two counts of murder and was sentenced to two consecutive sixty-year sentences.[1] He did not file a direct appeal to challenge his sentence. Eight years later, in 1986, Robinson, who was represented by counsel, filed a petition for post-conviction relief wherein he

---

[1] Robinson was also convicted of an unrelated kidnapping in 1978 and sentenced to forty years. The trial court ordered the sentences for kidnapping and murder to run consecutively to each other. In 2015, Robinson filed a motion to correct erroneous sentence. The trial court granted the motion and ordered the sentence for the kidnapping conviction to run concurrently with the sentences for the murder convictions.

challenged his sentence. The post-conviction court denied the petition in 1988, and Robinson did not appeal.

[4] In 1996, Robinson, who was represented by counsel, filed a second post-conviction petition wherein he again challenged his sentence. The post-conviction court dismissed that petition because Robinson had previously litigated a petition for post-conviction relief in this case. Specifically, the post-conviction court explained that pursuant to the Indiana Rules of Post-Conviction Relief, Robinson had to request permission to file a successive petition in this Court or the Indiana Supreme Court. Robinson did not appeal the dismissal of his petition.

[5] In 2016, Robinson tendered this post-conviction petition, which the post-conviction court dismissed. Specifically, the post-conviction court explained that this petition was also an unauthorized successive petition for post-conviction relief. One month later, Robinson, acting pro se, filed a "Motion for Trial Rule 60(B) Relief from Order Summarily denying Post-Conviction Relief Petition." (App. 39). The trial court denied the motion, and Robinson now appeals the denial.

## Decision

[6] At the outset, we note that Robinson has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Twin Lakes Reg'l Sewer Dist. v. Teumer*, 992 N.E.2d 744, 747 (Ind. Ct. App. 2013). This means that pro se litigants are bound to follow the established

rules of procedure and must be prepared to accept the consequences of their failure to do so. *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). We will not become an "advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n. 1 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*.

[7] Robinson argues that the post-conviction court erred in denying his Trial Rule 60(B) motion, which sought to set aside the dismissal of his 2016 petition for post-conviction relief. However, our review of the evidence reveals that when Robinson filed the October 2016 post-conviction petition, he had already litigated a petition for post-conviction relief in 1986.

[8] Because Robinson had already litigated a petition for post-conviction relief in relation to this case, he had to follow the procedure outlined in Post-Conviction Rule 1(12) for filing successive petitions. *See Young v. State,* 888 N.E.2d 1255, 1257 (Ind. 2008). Post-Conviction Rule 1(12) provides that before a petitioner may file a successive post-conviction relief petition, the petitioner must request and receive permission to pursue a successive petition from either this Court or the Indiana Supreme Court. When a post-conviction court encounters an improper successive petition for post-conviction relief, it should dismiss the petition. *Id*. Accordingly, the post-conviction court properly dismissed the 2016 petition.

[9] Robinson nevertheless sought to set aside the dismissal with a Trial Rule 60(B) motion. However, this Court has previously explained that "T.R. 60 is not to be used as a tool to abuse the post-conviction process." *Cornelius v. State*, 575 N.E.2d 20, 22 (Ind. Ct. App. 1991). The correct procedure in such a case is to file a new petition for post-conviction relief accompanied by a Rule 1(12) form. *Id.* The post-conviction court properly denied Robinson's attempt to set aside its dismissal when it denied Robinson's Trial Rule 60(B) motion.[2]

[10] Affirmed.[3]

May, J., and Brown, J., concur.

---

[2] In an attempt to avoid the application of Indiana Post-Conviction Rule 1(12), Robinson argues that his 1986 petition for post-conviction relief was not a post-conviction relief petition at all. However, we will not allow Robinson to collaterally attack a post-conviction relief petition that was denied thirty years ago. Robinson should have appealed the denial of that petition at the time it was denied.

[3] Because we affirm the trial court's denial of Robinson's T.R. 60(B) motion, we need not address his argument that the trial court abused its discretion in failing to forward his petition to the Indiana Public Defender.